**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| JILL HINES, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX STAMOS, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-571 <br><br> Chief Judge Terry A. Doughty <br><br> Magistrate Judge Kayla D. McClusky |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS OR, ALTERNATIVELY, TO EXTEND THE TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT**

Defendants Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, the Leland Stanford Junior University, Kate Starbird, Graphika, Camille François, the Atlantic Council, and Graham Brookie (together, "Defendants") move to stay this action pending the Supreme Court's resolution of *Murthy v. Missouri*, No. 23-411.  If the Court denies the motion for a stay, Defendants request that the Court extend Defendants' deadline to respond to the First Amended Complaint until December 15, 2023.  Although Plaintiffs oppose Defendants' request for a stay, they consent to Defendants' request for an extension if the stay is denied.  Moreover, the parties agree that Defendants' Motion to Compel Arbitration (ECF No. 69) and Motion to Dismiss (ECF No. 70) aimed at the original complaint are moot in light of the filing of the First Amended Complaint and should therefore be denied without prejudice, with full reservation of rights as to the response to the First Amended Complaint.

On October 20, 2023, the Supreme Court stayed this Court's injunction in *Missouri v. Biden*, No. 22-cv-1213 (as modified by the Fifth Circuit, No. 23-30445) and granted the government's petition for a writ of certiorari under the caption *Murthy v. Missouri*, No. 23-411.  The

Supreme Court has granted certiorari to review, among other things, whether the government's interactions with social media platforms relating to posts about the 2020 election and the COVID-19 vaccine constituted coercion in violation of the constitutional rights of the two plaintiffs in this case. If the Court concludes that they did not, then Plaintiffs' claims here will almost certainly be foreclosed because Plaintiffs allege that Defendants violated Plaintiffs' constitutional rights by supposedly conspiring with the government to engage in the same conduct at issue in *Missouri*. Indeed, the First Amended Complaint relies heavily on the Fifth Circuit's opinion and this Court's preliminary injunction opinion (which is incorporated as an exhibit)—the very opinions before the Supreme Court in *Missouri*. To be sure, Defendants here have *additional* arguments for dismissal beyond those at issue in *Missouri*—including that this Court lacks personal jurisdiction, that Defendants are shielded from suit based on their own First Amendment rights, and that Defendants are not state actors. But, at the very least, the Supreme Court's decision will provide guidance to this Court and the parties regarding the viability of Plaintiffs' claims and requests for relief.

A stay of this action is thus warranted to conserve party and judicial resources and avoid potentially conflicting rulings. Plaintiffs, moreover, will suffer no prejudice from a stay, especially considering that they have not sought preliminary relief or otherwise sought to expedite this case in any way. In fact, they only just amended their complaint, effectively restarting their lawsuit nearly six months after they originally filed it.

## BACKGROUND

Plaintiffs Jim Hoft and Jill Hines filed this action on May 2, 2023—a year after the *Missouri* litigation began. Compl., ECF No. 1; *see* Compl., *Missouri v. Biden*, 22-cv-1213 (W.D. La. May 5, 2022), ECF No. 1. On August 14, Defendants moved to compel individual arbitration, dismiss Plaintiffs' class claims, and stay proceedings, or alternatively, to transfer venue. ECF No. 69. Defendants also moved to dismiss under Rules 12(b)(1), (2), (3), and (6) of the Federal Rules

of Civil Procedure. ECF No. 70. On October 17, Plaintiffs filed oppositions to Defendants' motions and, simultaneously, filed an amended complaint. ECF Nos. 77, 79-80.

In their First Amended Complaint (FAC), Plaintiffs bring federal and state causes of action stemming from alleged censorship of their online speech on non-defendant social media platforms. They allege that Defendants, through their work in the Election Integrity Partnership (EIP) and the Virality Project (VP), "collaborate closely with federal, state, and local government officials to monitor and censor disfavored viewpoints on social media." FAC ¶ 1. Specifically, they allege, among other things, that Defendants identified content to social media companies as containing mis- or disinformation and encouraged social media companies to adopt policies that resulted in flagging or taking down more posts or accounts. *See, e.g., id.* ¶¶ 63, 153-54, 243. Based on these allegations, Plaintiffs bring claims for conspiracy to violate their constitutional rights under 42 U.S.C. § 1985(3) (Count One); "deprivation of rights under color of state law" under 42 U.S.C. § 1983 (Count Two); violation of the First Amendment (Count Three); "tortious interference with contractual and business relationships" (Count Four); and "breach of duty" (Count Five).

Because private entities and individuals generally cannot be held liable under § 1983, § 1985, or the First Amendment, Plaintiffs allege that "Defendants are engaged in government action, both state and federal action, by conspiring with federal and state actors to violate Plaintiffs' constitutional rights, receiving significant encouragement from such state and federal actors, allowing such state and federal actors to become entangled in their private decisionmaking and to be directly involved in carrying out their decisions, and becoming pervasively intwined with state and federal government actors, among other ways." FAC ¶ 455; *see id.* ¶ 451 (similar).

As Plaintiffs acknowledge, *Missouri* "involves related challenges to federal officials' involvement in the Election Integrity Partnership/Virality Project." Pls.' Resp. to Defs.' Joint Mot. to Dismiss at 15 (ECF No. 85). There, Missouri, Louisiana, and a group of social-media users—

including Jim Hoft and Jill Hines, Plaintiffs in this case—alleged that 67 federal entities and officials "coerced social-media platforms into censoring certain social-media content, in violation of the First Amendment." *Missouri v. Biden*, No. 23-30445, 2023 WL 6425697, at *1 (5th Cir. Oct. 3, 2023), *cert. granted sub nom. Murthy v. Missouri,* No. 23-411 (U.S. Oct. 20, 2023). Like Plaintiffs here, the *Missouri* plaintiffs alleged that posts and stories they shared on social media "on a host of divisive topics" related to the COVID-19 pandemic and election fraud, among other things, were removed or "downgraded" by the platforms. *Id.* The *Missouri* plaintiffs moved for a preliminary injunction, which this Court granted, enjoining the defendants and employees of the defendant federal agencies from engaging in ten types of communications regarding content moderation. Judgment, *Missouri v. Biden*, 22-cv-1213 (W.D. La. July 4, 2023), ECF No. 294. Relevant here, the Court enjoined the federal defendants from "collaborating, coordinating, partnering, switchboarding, and/or jointly working with the Election Integrity Partnership, the Virality Project, [or] the Stanford Internet Observatory, or any like project or group for the purpose of urging, encouraging, pressuring, or inducing in any manner removal, deletion, suppression, or reduction of content posted with social-media companies containing protected free speech." *Id.* at 4 ¶ 5.

On September 8, the Fifth Circuit affirmed the injunction with respect to some of the defendants and vacated nine of the injunction's ten prohibitions. *Missouri v. Biden*, 80 F.4th 641, 689 (5th Cir. 2023), *op. withdrawn and superseded on reh'g,* No. 23-30445, 2023 WL 6425697 (5th Cir. Oct. 3, 2023). With respect to the injunction of the federal defendants from working with "the Election Integrity Partnership, the Virality Project, the Stanford Internet Observatory, or any like project or group," the court of appeals noted that this prohibition "may implicate private, third-party actors that are not parties in this case and that may be entitled to their own First Amendment protections." *Id.* at 687. And the court vacated the prohibition as "overbroad" because "Plaintiffs have not shown that the inclusion of these third parties is necessary to remedy their injury." *Id.*

4

The government then sought an emergency stay of the district court's injunction, as modified by the Fifth Circuit, pending the filing and disposition of the government's petition for a writ of certiorari.  Stay App. at 1, *Murthy v. Missouri*, No. 23-411 (U.S. Sept. 14, 2023).  While the application was pending, the plaintiffs filed a petition for panel rehearing in the Fifth Circuit.  Reh'g Pet., *Missouri v. Biden*, No. 23-30445 (5th Cir. Sept. 22, 2023), ECF No. 249.  On October 3, the Fifth Circuit granted panel rehearing and amended its opinion. *Missouri*, 2023 WL 6425697.  In the revised opinion, the Fifth Circuit extended the modified injunction to cover another group of defendants but did not otherwise change the scope of the modified injunction.  *See id.* at *26, *33.  In particular—and even though the plaintiffs' rehearing petition had specifically requested such relief—the court of appeals declined to reinstate the original injunction's prohibition with respect to "the Election Integrity Partnership, the Virality Project, the Stanford Internet Observatory, or any like project or group." *Id.* at *31.

On October 20, the Supreme Court granted the government's stay application, treated the application as a petition for a writ of certiorari, and granted the petition on the questions presented in the application.  Order on Stay App. at 1, *Murthy v. Missouri*, No. 23-411 (U.S. Oct. 20, 2023).  The Court will review: "(1) Whether respondents have Article III standing; (2) Whether the government's challenged conduct transformed private social-media companies' content-moderation decisions into state action and violated respondents' First Amendment rights; and (3) Whether the terms and breadth of the preliminary injunction are proper."  Stay App. at 40, *Murthy v. Missouri*.

## ARGUMENT

I. **The Court Should Stay this Action Pending the Supreme Court's Decision in** ***Murthy v. Missouri***

This Court "has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*,

5

419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This includes the power to enter a stay "when a related case with substantially similar issues is pending before a court of appeals." *Greco v. Natl. Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015). In determining whether to stay a case, "courts consider the interests of the parties and potential conservation of judicial resources." *Id.* (citing *Landis*, 299 U.S. at 254-55); *see Robinson v. Ardoin*, 2022 WL 1404661, at *1 (M.D. La. May 4, 2022). These factors favor a stay here.

### A.   A Stay Would Serve Judicial Economy

As an initial matter, awaiting guidance from the Supreme Court in *Missouri* would indisputably conserve party and judicial resources, because, as Plaintiffs themselves assert, the two cases present overlapping legal and factual claims. *See* Pls.' Resp. to Defs.' Joint Mot. to Dismiss at 15 (ECF No. 85). Both Plaintiffs here—Jill Hines and Jim Hoft—are also plaintiffs in *Missouri*. As they do in *Missouri*, Plaintiffs here allege that Defendants collaborated with or coerced social media companies to suppress disfavored speech regarding the 2020 election and COVID-19 vaccines. *See, e.g.*, FAC ¶¶ 1-2, 9, 11, 257, 298; Third Am. Compl. (TAC) ¶¶ 24-25, *Missouri*, 22-cv-1213 (W.D. La. May 5, 2023), ECF No. 268.

Plaintiffs in the two cases proffer essentially identical legal and factual theories for how this purported coercion occurred. Both complaints allege that defendants allegedly collaborated with and/or coerced various social media companies to suppress speech on their platforms through both public statements as well as communications and meetings with representatives of those companies. *Compare* FAC ¶ 456 ("Defendants and their federal and state government official co-conspirators and allies have coerced, significantly encouraged, become entangled in the decisionmaking of, become directly involved in carrying the decisions of, and become pervasively intertwined with the social-media platforms in their adoption of content-moderation policies and enforcement of those policies, including against Plaintiffs, their speech, their audiences, and the

speech of speakers to whom they listen."), *with* TAC ¶ 509, *Missouri*, No. 3:22-cv-1213, ECF No. 268 ("Defendants have coerced, threatened, and pressured social-media platforms to censor disfavored speakers and viewpoints by using threats of adverse government action.").

Plaintiffs' allegations in *Missouri* are central to their allegations in this case, moreover, because Defendants here are private actors to whom the Constitution does not apply.[1] Plaintiffs thus allege that Defendants are liable for violating their constitutional rights, including First Amendment rights, on the theory that Defendants *became* government actors "by conspiring with" and "becoming pervasively intwined with state and federal government actors" in connection with the exact same alleged conduct at issue in *Missouri*. *See, e.g.*, FAC ¶ 455.

The First Amended Complaint accordingly repeatedly cites and relies on the Fifth Circuit's and this Court's opinions in *Missouri*—the very opinions that are currently before the Supreme Court. *See id.* ¶¶ 40, 72, 130, 147, 148, 152, 298, 380, 383, 386, 417, 420. As just one example, the FAC asserts that "[t]his Court's (in *Louisiana v. Biden*) and the Fifth Circuit's (in *Missouri v. Biden*) extensive findings of pressure and coercion by federal officials—including federal officials who are heavily intertwined with the EIP/VP—strongly support the inference that platforms participate in the EIP/VP due to federal coercion and pressure." *Id.* ¶ 147. Plaintiffs' complaint here also relies on discovery that was produced in *Missouri*. *See, e.g., id.* ¶¶ 24, 41, 44, 418.

Given underlying similarities between the claims presented in this case and those in *Missouri*, the Supreme Court's forthcoming decision will provide significant guidance on the factual and legal issues raised in this case. If the Supreme Court vacates the injunction in *Missouri* and concludes that the government's conduct was not coercive and did not convert the decisions of social media companies into state action or violate the plaintiffs' constitutional rights, it is not

---

[1] One defendant, a professor at the University of Washington, is purportedly sued in her official and individual capacities.

7

clear how Plaintiffs' claims here—which likewise turn on the notion that the government's conduct was coercive—could possibly survive.[2]

In addition, plaintiffs in both cases predicate their standing to seek prospective injunctive relief exclusively on claims of past injury. *See* Stay App. at 18, *Murthy v. Missouri* ("As the Fifth Circuit recognized, the individual respondents largely assert injury based on platforms' past moderation of respondents' social-media activity." (citation omitted)); *see generally* FAC (containing only conclusory allegations/allegations "on information and belief" of ongoing or imminent conduct). And the Supreme Court has granted review of the legal and factual viability of these claims, including as to standing, the merits, and the proper scope of any injunctive relief. *See id.* at 40.

Plaintiffs' opposition to Defendants' motion to dismiss the original complaint, although now moot, only highlights why the Court should grant a stay. The opposition (ECF No. 85) cites this Court's and the Fifth Circuit's decisions in *Missouri* 44 times, repeatedly relying on factual findings and legal conclusions in *Missouri* in addressing standing and the merits. It does not make sense to require the parties to re-brief these issues in connection with the First Amended Complaint while the status of *Missouri* is uncertain. Rather than litigate these issues now—potentially burdening the parties and the Court with wasteful briefing, potential discovery, and other case-development matters—the better course would be to stay this case pending further guidance.

Courts in this Circuit regularly stay matters under similar circumstances. *See, e.g.*, *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015). Indeed, Judge Jeffrey Vincent Brown of the U.S. District Court for the Southern District of Texas recently stayed

---

[2] To be clear, if the injunction in *Missouri* is upheld, this Court then must address the various reasons why Plaintiffs' claims here still fail. As previously explained by Defendants in their (now moot) motion to dismiss the original complaint, these arguments include, *inter alia*, that the Court lacks personal jurisdiction, that Defendants' alleged conduct is itself protected by the First Amendment, and that Defendants are not state actors.

proceedings in a related case brought against the Stanford Internet Observatory, Alex Stamos, and Renée DiResta, as well as a group of federal government officials, that raises substantially identical claims as here. *See* Order, *Dressen v. Flaherty*, No. 3:23-cv-155 (S.D. Tex. Oct. 25, 2023), ECF No. 36. Noting that "the U.S. Supreme Court thought it appropriate to stay the preliminary injunction issued by the Western District of Louisiana district court as modified by the Fifth Circuit," the court determined that it was appropriate to "stay[] all pretrial deadlines and proceedings." *Id.* The same result is warranted here.

### B. Plaintiffs Will Suffer No Prejudice

A stay in this action pending the resolution of Supreme Court proceedings is particularly appropriate given that it would not prejudice Plaintiffs. Plaintiffs chose to prioritize their lawsuit in *Missouri*, waiting nearly a year after filing suit in *Missouri* to file this lawsuit. They have not sought preliminary relief or to expedite this litigation in any fashion. They sought and received two extensions of the deadline to amend their complaint as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. When they filed their Amended Complaint on October 17—effectively restarting the litigation—they did so again without seeking a preliminary injunction. The Supreme Court will hear *Missouri* in its 2023 term, meaning a decision will issue by the end of June 2024 at the latest. Under these circumstances, it is perfectly fair to briefly delay this litigation while the Supreme Court resolves the case that Plaintiffs chose to prioritize.

That is especially so because the Fifth Circuit, while upholding portions of this Court's injunction against the government in *Missouri*, has already concluded that Plaintiffs are not entitled to preliminary relief relating to the Defendants in *this case*. The Fifth Circuit vacated the aspect of this Court's preliminary injunction in *Missouri* that prohibited the government from "collaborating . . . with the Election Integrity Partnership, the Virality Project, the Stanford Internet Observatory, or any like project or group" and specifically noted that Defendants here "may be entitled

9

to their own First Amendment protections." 2023 WL 6425697, at *31.

\* \* \*

In short, all the relevant factors counsel in favor of staying this case until the final disposition of Supreme Court proceedings. Defendants respectfully suggest that the Court direct the parties to submit a joint status report proposing a schedule in this matter 14 days after the Supreme Court issues its judgment in *Murthy v. Missouri*.

## II. Alternatively, the Court Should Set a December 15 Deadline for Defendants to Respond to the First Amended Complaint

If the Court does not grant a stay, in light of the filing of the First Amended Complaint, the Court should deny Defendants' Motion to Compel Arbitration (ECF No. 69) and Motion to Dismiss (ECF No. 70) as moot without prejudice and extend Defendants' deadline to respond to the First Amended Complaint until December 15, 2023. The First Amended Complaint added a new claim and a new defendant, as well as 51 paragraphs of new allegations. The requested extension of time will enable Defendants to coordinate their response to the First Amended Complaint to eliminate redundancy and serve judicial efficiency. Although Plaintiffs oppose a stay, they agree that the original motions should be dismissed without prejudice and consent to this extension request for motions aimed at the amended complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this action pending the Supreme Court's resolution of *Murthy v. Missouri*.

Alternatively, the Court should deny Defendants' Motion to Compel Arbitration (ECF No. 69) and Motion to Dismiss (ECF No. 70) without prejudice and extend Defendants' deadline to respond to the First Amended Complaint until December 15, 2023.

October 26, 2023

/s/ Camala E. Capodice
Quentin F. Urquhart, Jr. (Bar #14475)
Camala E. Capodice (Bar #29117)
Gabrielle C. Broders (Bar #39821)
**IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: qurquhart@irwinllc.com
ccapodice@irwinllc.com
gbroders@irwinllc.com

Mary E. Gately (*pro hac vice*)
Samantha L. Chaifetz (*pro hac vice*)
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, DC 20004
Telephone: (202) 799-4507
Facsimile: (202) 799-5507
Email: mary.gately@dlapiper.com
samantha.chaifetz@us.dlapiper.com

Marie Bussey-Garza (*pro hac vice*)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301
Email: marie.bussey-garza@us.dlapiper.com

*Counsel for Graphika and Camille François*

Respectfully submitted,

/s/ James Brown
James Brown (Bar #14101)
Devin Reid (Bar #32645)
Brady Hadden (Bar #37708)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dcreid@liskow.com
bhadden@liskow.com
jabrown@liskow.com

John B. Bellinger III (*pro hac vice*)
Elisabeth S. Theodore (*pro hac vice*)
R. Stanton Jones (*pro hac vice*)
Stephen K. Wirth (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Email: john.bellinger@arnoldporter.com
elisabeth.theodore@arnoldporter.com
stanton.jones@arnoldporter.com
stephen.wirth@arnoldporter.com

*Counsel for Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, and the Leland Stanford Junior University*

*/s/ Jon K. Guice*
Jon K. Guice (Bar #20841)
**HAMMONDS, SILLS, ADKINS, GUICE,
  NOAH & PERKINS, L.L.P.**
1881 Hudson Circle
Monroe, Louisiana 71201
Telephone: (318) 324-0101
Facsimile: (318) 322-5375
Email: jguice@hamsil.com

Shelton Dennis Blunt (Bar #21230)
**PHELPS DUNBAR LLP**
II City Plaza | 400 Convention St., Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
Email: dennis.blunt@phelps.com

Karl V. Hopkins (admitted *pro hac vice*)
**BRADLEY ARANT BOULT
  CUMMINGS LLP**
JPMorgan Chase Tower
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0310
Facsimile: (713) 576.0301
Email: khopkins@bradley.com

Andrew B. Johnson (*pro hac vice*)
**BRADLEY ARANT BOULT
  CUMMINGS LLP**
1819 Fifth Ave N
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-6295
Email: ajohnson@bradley.com

*Counsel for the Atlantic Council and Graham Brookie*

*/s/ Alex B. Rothenberg*
Alex B. Rothenberg (Bar #34740), T.A.
Ewell E. Eagan (Bar #5239)
Makala L. Graves (Bar #40608)
**GORDON, ARATA, MONTGOMERY,
  BARNETT, McCOLLAM,
  DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Email: arothenberg@gamb.com
       eeagan@gamb.com
       mgraves@gamb.com

Rob McKenna (*pro hac vice*)
Daniel Dunne (*pro hac vice*)
**ORRICK, HERRINGTON &
  SUTCLIFFE LLP**
401 Union Street- Suite 3300
Seattle, WA 98101
Telephone: (206) 839-4300
Facsimile: (206) 839-4301
Email: ddunne@orrick.com
       emckenna@orrick.com

Geoffrey Shaw (*pro hac vice)*
**ORRICK, HERRINGTON &
  SUTCLIFFE LLP**
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
Email: geoffreyshaw@orrick.com

*Counsel for Kate Starbird*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 26th day of October, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide notice of electronic filing to the attorneys for all parties.

                                                        */s/ James A. Brown*  
                                                        James A. Brown