# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

JILL HINES, ET AL.,

                    *Plaintiffs*,

        *v.*

ALEX STAMOS, ET AL.,

                    *Defendants*.

Case No. 3:23-cv-571

Chief Judge Terry A. Doughty

Magistrate Judge Kayla D. McClusky

## NOTICE OF AUTOMATIC STAY OF PROCEEDINGS PENDING APPEAL PURSUANT TO THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 16(a)

Defendants Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, the Leland Stanford Junior University, Kate Starbird, Graphika, Camille François, the Atlantic Council, and Graham Brookie (together, "Defendants") hereby give notice that this case is automatically stayed pending Defendants' appeal from the Court's Memorandum Order filed November 15, 2023 (ECF No. 88), which denied Defendants' Motion to Compel Individual Arbitration, Dismiss Plaintiff's Class Claims, and Stay all Proceedings, or Alternatively to Transfer Venue Under 28 U.S.C. § 1404 (ECF No. 69).

Under the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), upon the filing of Defendants' Notice of Appeal (ECF No. 89) pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 16(a), this case was automatically stayed—and the Court was divested of jurisdiction—pending the outcome of appellate proceedings. "When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal" under Section 16(a). *Coinbase*, 599 U.S. at 738. In *Coinbase*, the Supreme Court reversed Fifth Circuit precedent that gave district courts discretion to decide whether to stay cases pending

an appeal under Section 16(a).  *See id.* at 741 n.3 (abrogating *Weingarten Realty Investors v. Miller*, 661 F.3d 904 (5th Cir. 2011)).  Now, when a party appeals a district court order under Section 16(a), all district court proceedings are "automatically stay[ed]" and the district court is divested of jurisdiction. *Id.* at 743-44; *see id.* at 740-41, 747.  Defendants here moved to compel arbitration and stay proceedings under 9 U.S.C. §§ 3-4, *see* ECF No. 69, ECF No. 69-1 at 13, and have appealed this Court's denial of that motion under Section 16(a).  The Court therefore "*must* stay its pre-trial and trial proceedings while the interlocutory appeal on arbitrability is ongoing." *Id.* at 740 (emphasis added). That stay is "automatic" and not "discretionary." *Id.* at 746.

Pursuant to the automatic stay, this Court accordingly lacks jurisdiction to conduct any further proceedings in this case.  "Because the question on appeal" from a denial of a motion to compel arbitration "is whether the case belongs in arbitration or instead in the district court, *the entire case* is essentially 'involved in the appeal.'"  *Id.* at 741 (quoting *Griggs v. Provident Consumer Discount Co*, 459 U.S. 56, 58 (1982)) (emphasis added).  The filing of a notice of appeal from a denial of motion compel arbitration pursuant to Section 16(a) therefore "divests the district court of its control over . . . the entire case." *Id.* at 740-41.  As the Supreme Court explained, "[a]bsent an automatic stay of district court proceedings, Congress's decision in § 16(a) to afford a right to an interlocutory appeal would be largely nullified."  *Id.* at 743.  "[M]any of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along."  *Id.*

As the Supreme Court has also held, the fact that Defendants are not signatories to the underlying arbitration agreement does not diminish their right to take a Section 16(a) interlocutory appeal triggering the automatic stay.  Section 16(a) permits "appeal[s]" from "an order" "denying" a motion to compel arbitration under 9 U.S.C. § 4 or staying proceedings pending arbitration under

2

9 U.S.C. § 3. Sections 3 and 4, in turn, permit "[a] party" or "one of the parties" to move for an order compelling arbitration and staying proceedings pending arbitration. As the Supreme Court has explained, "parties" in this context "unambiguously refers to adversaries in the action," "rather than parties to the contract." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 n.4 (2009). Accordingly, a party to the lawsuit who seeks to compel arbitration or to stay proceedings pending arbitration pursuant to an "equitable estoppel" theory—as Defendants did here—is equally entitled to invoke the FAA and to appeal as of right. *Arthur Andersen*, 556 U.S. at 628-29, 631-32. That appeal in turn triggers the automatic stay. *Coinbase*, 599 U.S. at 746.

For the foregoing reasons, and by operation of law, notice is given that this case is automatically stayed in its entirety under *Coinbase*. Defendants respectfully request that the Court direct the parties to meet and confer upon the conclusion of appellate proceedings to jointly propose a new briefing schedule for Defendants' response to the First Amended Complaint (ECF No. 77). The Court also need not decide at this time Defendants' pending motion to stay proceedings pending the Supreme Court's decision in *Murthy v. Missouri* (No. 23-411), since proceedings are now already stayed in light of Defendants' appeal.

Defendants note, moreover, that the parties previously agreed that Defendants' Joint Motion to Dismiss is moot and that the Court should set a schedule for Defendants to file a new motion to dismiss aimed at the First Amended Complaint. *See* Mem. in Support of Defs.' Mot. to Stay Proceedings or, Alternatively, to Extend the Time to Respond to the First Am. Compl. at 1, 10 (ECF No. 86-1); Pls.' Resp. to Defs.' Mot. to Dismiss at 2 (ECF No. 85). There is no basis to set a schedule now, as the Court should not and cannot dispose of that Motion to Dismiss now in light of the automatic stay and divestment of jurisdiction. But in the event the case proceeds in this Court following appeal, the parties agree that Defendants' Joint Motion to Dismiss should be denied *without prejudice* as moot and that Defendants should file a new Motion to Dismiss.

November 16, 2023

Respectfully submitted,

/s/ Camala E. Capodice
Quentin F. Urquhart, Jr. (Bar #14475)
Camala E. Capodice (Bar #29117)
Gabrielle C. Broders (Bar #39821)
**IRWIN FRITCHIE URQUHART MOORE**
  **& DANIELS, LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: qurquhart@irwinllc.com
        ccapodice@irwinllc.com
        gbroders@irwinllc.com

Mary E. Gately (*pro hac vice*)
Samantha L. Chaifetz (*pro hac vice*)
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, DC 20004
Telephone: (202) 799-4507
Facsimile: (202) 799-5507
Email: mary.gately@dlapiper.com
        samantha.chaifetz@us.dlapiper.com

Marie Bussey-Garza (*pro hac vice*)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301
Email: marie.bussey-garza@us.dlapiper.com

*Counsel for Graphika and Camille François*

/s/ James Brown
James Brown (Bar #14101)
Devin Reid (Bar #32645)
Brady Hadden (Bar #37708)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dcreid@liskow.com
        bhadden@liskow.com
        jabrown@liskow.com

John B. Bellinger III (*pro hac vice*)
Elisabeth S. Theodore (*pro hac vice*)
R. Stanton Jones (*pro hac vice*)
Stephen K. Wirth (*pro hac vice*)
**ARNOLD & PORTER**
  **KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Email: john.bellinger@arnoldporter.com
        elisabeth.theodore@arnoldporter.com
        stanton.jones@arnoldporter.com
        stephen.wirth@arnoldporter.com

*Counsel for Alex Stamos, Renée DiResta, the*
*Board of Trustees of the Leland Stanford*
*Junior University, and the Leland Stanford*
*Junior University*

/s/ Jon K. Guice
Jon K. Guice (Bar #20841)
**HAMMONDS, SILLS, ADKINS, GUICE,**
**  NOAH & PERKINS, L.L.P.**
1881 Hudson Circle
Monroe, Louisiana 71201
Telephone: (318) 324-0101
Facsimile: (318) 322-5375
Email: jguice@hamsil.com

Shelton Dennis Blunt (Bar #21230)
**PHELPS DUNBAR LLP**
II City Plaza | 400 Convention St., Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
Email: dennis.blunt@phelps.com

Karl V. Hopkins (admitted *pro hac vice*)
**BRADLEY ARANT BOULT**
**  CUMMINGS LLP**
JPMorgan Chase Tower
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0310
Facsimile: (713) 576.0301
Email: khopkins@bradley.com

Andrew B, Johnson (*pro hac vice*)
**BRADLEY ARANT BOULT**
**  CUMMINGS LLP**
1819 Fifth Ave N
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-6295
Email: ajohnson@bradley.com

*Counsel for the Atlantic Council and Graham*
*Brookie*

/s/ Alex B. Rothenberg
Alex B. Rothenberg (Bar #34740), T.A.
Ewell E. Eagan (Bar #5239)
Makala L. Graves (Bar #40608)
**GORDON, ARATA, MONTGOMERY,**
**  BARNETT, McCOLLAM,**
**  DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Email: arothenberg@gamb.com
        eeagan@gamb.com
        mgraves@gamb.com

Rob McKenna (*pro hac vice*)
Daniel Dunne (*pro hac vice*)
**ORRICK, HERRINGTON &**
**  SUTCLIFFE LLP**
401 Union Street- Suite 3300
Seattle, WA 98101
Telephone: (206) 839-4300
Facsimile: (206) 839-4301
Email: ddunne@orrick.com
        emckenna@orrick.com

Geoffrey Shaw (*pro hac vice*)
**ORRICK, HERRINGTON &**
**  SUTCLIFFE LLP**
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
Email: geoffreyshaw@orrick.com

*Counsel for Kate Starbird*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide notice of electronic filing to the attorneys for all parties.

/s/ James A. Brown
James A. Brown