IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JILL HINES, ET AL. | CIVIL ACTION NO. 3:23-CV-00571 |
| VERSUS | CHIEF JUDGE TERRY A. DOUGHTY |
| ALEX STAMOS, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**DEFENDANT THE ASPEN INSTITUTE'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs filed their First Amended Complaint adding The Aspen Institute ("Aspen") as a defendant in this case on October 17, 2023. Shortly thereafter, the Court administratively terminated this case because the claims against the original defendants were all stayed while they appealed the Court's denial of their Motion to Compel Arbitration. Aspen was not a party to that denied Motion to Compel Arbitration [Doc. #69] and is not a party to the appeal. The appeal accordingly does not implicate the newly asserted claims against Aspen, those claims are not stayed, and Aspen's deadline to respond to plaintiffs' First Amended Complaint—December 4, 2023—is rapidly approaching. Because this case was administratively terminated, Aspen seeks leave to file the attached unopposed motion for an initial 14-day extension of time to respond to the First Amended Complaint..

### BACKGROUND

On May 2, 2023, Plaintiffs filed their original Complaint, in which they asserted claims against multiple defendants—but not against Aspen. [Doc. #1]. On August 14, 2023, the original defendants filed a Motion to Compel Arbitration and stay litigation or alternatively to transfer the case [Doc. #69] and a Motion to Dismiss the complaint [Doc. #70]. Plaintiffs received two extensions of time to oppose those motions. [Doc. #s 74, 76].

1

In the meantime, on October 17, 2023, plaintiffs amended their complaint to add Aspen for the first time as a defendant. [Doc. #77, at ¶¶ 37-44]. Aspen was served with the First Amended Complaint and summons on November 13, 2023, which makes December 4, 2023, Aspen's deadline to respond to that Complaint. [Doc. #87].

Two days later, on November 15, 2023, the Court entered an Order denying the original defendants' Motion to Compel Arbitration. [Doc. #88]. That Order inadvertently referred to Aspen as having joined in that motion [*id.*, p. 1 n.1], although Aspen had not joined that motion because it was not a party when the original defendants filed that motion. [*See* Doc. #69, p. 1 (motion to compel arbitration brought by "Defendants Alex Samis, Renée DiResta, and Board of Trustees of the Leland Stanford Junior University, the Leland Stanford Junior University, The Stanford Internet Observatory (SIO), Kate Starbird, Graphika, Camille François, the Atlantic Council, the Atlantic Counsel's Digital Forensic Research Lab (DFRLab), and Graham Brookie").]

On October 26, 2023, the original defendants filed a Motion to Stay Proceedings or, Alternatively, to Extend Their Time to Respond to the First Amended Complaint. [Doc. #86.] On November 16, 2023, the original defendants noticed an appeal of the Order denying their Motion to Compel Arbitration [Doc. #89] and filed a Notice of Automatic Stay of Proceedings Pending Appeal Pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(a) [Doc. #90].

On November 17, 2023, the Court denied as moot the original defendants' Motion to Stay and entered an Order holding that "[p]ursuant to the Supreme Court of the United States' ruling in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), this case is automatically stayed" during the appeal. [Doc. #92, p. 1.] The Court further ordered that this case be administratively terminated, and that "[a]ll pending deadlines and motions [be] stayed, to be re-urged by counsel when the time is right." [*Id.*]

2

**LAW AND ARGUMENT**

Although the Court administratively terminated the case because the claims against the original defendants are stayed pending appeal, the claims against Aspen are not subject to that stay. Under *Coinbase*, a district court must "stay its proceedings while the interlocutory appeal on the question of arbitrability is ongoing." 599 U.S. at 744. That is because "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 740, *quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Aspen did not move to compel arbitration [*see* Doc. #69, p. 1], and it is not a party to the original defendants' appeal of the Court's denial of their Motion to Compel Arbitration [*see* Doc. #89, p. 1]. Accordingly, *Coinbase* does not mandate a stay of the claims against Aspen. Aspen's deadline to respond to plaintiffs' First Amended Complaint therefore remains December 4, 2023. Aspen seeks leave to file an Unopposed Motion for an Initial Extension of Time to respond to the First Amended Complaint.

A case that is administratively terminated "may be reopened upon request of the parties or on the court's own motion." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). Courts within this Circuit have reopened an administratively terminated case to docket a motion. *See, e.g.*, *Ariano-Favela v. Empire Scaffolding, Inc.*, No. 1:13-CV-377, 2016 WL 11791914, at *1 (E.D. Tex. Oct. 12, 2016) ("Accordingly, the Clerk of the Court is directed to reopen this case and to docket Plaintiffs' motion (#138-1, Exhibit A) as an active motion.").

Good cause exists to reopen this case for the limited purpose of allowing Aspen to move for an extension of time to file responsive pleadings. If the case had not been administratively terminated, Aspen could have moved for an initial extension of time without leave. No party will be prejudiced by allowing Aspen to file the attached unopposed motion for an extension.

By filing this Motion for Leave, Aspen does not waive any objections to this Court's jurisdiction or venue, and expressly preserves its right to move at the appropriate time to dismiss under Federal Rule of Civil Procedure 12(b)(2) and/or Rule 12(b)(6) or to transfer the case. Aspen further preserves its right to file its own motion to compel arbitration.

## CONCLUSION

Aspen respectfully requests leave to file the attached Unopposed Motion for Extension of Time to File Responsive Pleadings to Plaintiffs' First Amended Complaint.

Dated: November 30, 2023

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY,
A Professional Law Corporation

By: */s/ Elizabeth M. Carmody*
      Elizabeth Mendell Carmody, #25792

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
E-mail: elizabeth.carmody@cookyancey.com

ATTORNEYS FOR DEFENDANT THE ASPEN INSTITUTE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management. Notice of this filing will be sent to all counsel of record by operation of the electronic case filing system.

Shreveport, Louisiana, this 30th day of November, 2023.

                          *s/ Elizabeth M. Carmody*
                            OF COUNSEL