UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JILL HINES, ET AL., | Civil Action No. 3:23-cv-00571 |
| *Plaintiffs*, | Chief Judge Terry A. Doughty |
| v. | Magistrate Judge Kayla D. McClusky |
| ALEX STAMOS, ET AL., | |
| *Defendants*. | |

**DEFENDANT THE ASPEN INSTITUTE'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMRPROPER VENUE**

NOW INTO COURT through undersigned counsel, comes defendant, The Aspen Institute ("Aspen"), which asks this Court to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and improper venue under Rule 12(b)(3).

The Court lacks personal jurisdiction because Aspen has no relevant contacts with Louisiana. Although one plaintiff resides in Louisiana, a plaintiff's alleged injuries in a forum are not sufficient to establish personal jurisdiction when, as here, there are no allegations that the defendant's actions specifically targeted the forum state.

The Court in addition lacks subject-matter jurisdiction because Plaintiffs' allegations do not satisfy the standard for Article III standing. The amended complaint's allegations do not support a plausible inference of the necessary connection between alleged acts by Aspen and Plaintiffs' claimed injuries. Moreover, the allegations confirm that Plaintiffs' alleged injuries were caused by independent acts of third parties—here, the social-media companies that allegedly

removed Plaintiffs' content. For both reasons, Plaintiffs injuries are not fairly traceable to actions by Aspen, as required to establish Article III standing.

Finally, venue in this District is improper. The venue provision on which Plaintiffs rely requires that a "substantial part of the events or omissions giving rise to the claim" had occurred within this District. 28 U.S.C. § 1391(b)(2). But Aspen is not alleged to have taken any actions within the Western District of Louisiana, and the claims against it therefore must be dismissed.

Accordingly, Aspen asks that this Court to enter an Order dismissing the claims against Aspen. In support of this motion, Aspen submits the accompanying memorandum of law.

Dated: December 18, 2023    Respectfully submitted,

By: /s/    *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
COOK, YANCEY, KING & GALLOWAY, PLC
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Tel: (318) 221-6277
Fax: (318) 227-7850
elizabeth.carmody@cookyancey.com

Andrew J. Pincus (*pro hac vice*)
Archis A. Parasharami (*pro hac vice*)
Kevin Ranlett (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-3300
apincus@mayerbrown.com
aparasharami@mayerbrown.com
kranlett@mayerbrown.com

*Attorneys for Defendant The Aspen Institute*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on the 18th day of December, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide notice of electronic filing to the attorneys for all parties.

                                                         /s/   Elizabeth M. Carmody
                                                         Elizabeth Mendell Carmody