**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

JILL HINES, ET AL.,

    *Plaintiffs*,

v.

ALEX STAMOS, ET AL.,

    *Defendants*.

Civil Action No. 3:23-cv-00571

Chief Judge Terry A. Doughty

Magistrate Judge Kayla D. McClusky

**MEMORANDUM IN SUPPORT OF DEFENDANT THE ASPEN INSTITUTE'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE OTHER DFENDANTS' APPEAL OF THE DENIAL OF THEIR MOTION TO COMPEL ARBITRATION**

**I.   INTRODUCTION**

This Court's Order denying the other Defendants' motion to compel arbitration is now on appeal before the Court of Appeals for the Fifth Circuit. Because that appeal divested this Court of jurisdiction, this Court issued an Order staying all proceedings during the pendency of that appeal. Order [Doc. #92], p. 1 (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023)).

Aspen is today filing a motion to compel arbitration that presents arguments similar to those advanced by the other Defendants. It would be a waste of this Court's time—and also of the parties' resources—to engage in duplicative litigation of Aspen's motion to compel arbitration now rather than await the Fifth Circuit's guidance. If this Court were to deny Aspen's motion, Aspen would appeal, resulting in the same stay under *Coinbase* that the Court has entered as to the claims against the other Defendants. (Aspen is also filing a motion to dismiss, because today is Aspen's deadline for responding to the amended complaint.)

1

Aspen respectfully submits that the most efficient course would be for the Court to stay all proceedings regarding the claims against Aspen until a final determination is rendered regarding the other Defendants' appeal. Such a stay would avoid unnecessary duplicative litigation as well as avoid an unnecessary burden on the Court's time. No party would be prejudiced by a stay; indeed, a stay would be inevitable if the Court were to hear and then deny Aspen's motion, because Aspen then would appeal, triggering a *Coinbase* stay. Moreover, all parties would benefit if the claims against all Defendants were on the same track after the other Defendants' appeal is finally resolved. This Court should therefore grant Aspen's motion for stay.

## II. ARGUMENT

### The Claims Against Aspen Should Be Stayed Pending Final Resolution of the Appeal of the Denial of the Other Defendants' Motion to Compel Arbitration.

This Court has broad power to stay litigation. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay a case, courts "must weigh competing interests and maintain an even balance." *Wesley v. Unique Guidance Provider Servs., Inc.*, 2018 WL 6038241, at *2 (W.D. La. Nov. 16, 2018) (Doughty, J.) (citing *Wedgeworth v. Fibreboard Corp.* 706 F.2d 541, 545 (5th Cir. 1983)). "[T]he court's decision to grant a stay should contemplate the following factors, '1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted, and 3) judicial economy.'" *Id*. (quoting *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La. April 19, 2000)).

Here, each of these factors favors a stay.

*First*, Aspen would suffer hardship if a stay were denied because Aspen would be forced to expend resources litigating a motion to compel arbitration that ultimately will be controlled by

the Fifth Circuit's decision in the pending appeal by other Defendants in this matter. If the Fifth Circuit affirms this Court's ruling, denial of a stay would mean that Aspen would have wasted time and money pursuing a futile arbitration motion. If the Fifth Circuit reverses or modifies this Court's ruling in some respect, Aspen will have wasted its time—and this Court's time—in litigating the issues before the Fifth Circuit provides its guidance.

*Second*, granting a stay would not prejudice Plaintiffs or any other party. To the contrary, all parties would benefit from a stay because a stay will enable them to conserve resources that otherwise would be consumed by relitigating the arbitration issues that will soon be decided definitively by the Fifth Circuit.

Plaintiffs, in particular, would not be harmed by a stay. In the absence of a stay, this Court would rule on Aspen's motion to compel arbitration and, if the motion were denied, Aspen would appeal and would be entitled—under the Supreme Court's *Coinbase* decision—to a stay of all proceedings in this Court. If the Court were to grant Aspen's motion, Plaintiffs' claims would go to individual arbitration.

*Third*, considerations of judicial economy militate in favor of a stay. Aspen's motion raises the very issues that the Fifth Circuit will address in the other Defendants' appeal, and there is no reason for this Court to devote its time to another decision on the same issues before the Fifth Circuit rules. Moreover, denying a stay risks putting Aspen's appeal on the arbitration issues on a different, slower litigation track, which might complicate case management.

In sum, a stay of the action against Aspen until a final determination of the other Defendants' appeal of the denial of their motion to compel arbitration would benefit all parties and preserve judicial resources.

### III. CONCLUSION

Aspen respectfully requests that this Court issue an Order staying the litigation against Aspen pending the final resolution of the other Defendants' appeal of this Court's Order denying those Defendants' motion to compel arbitration.

Dated: December 18, 2023

Respectfully submitted,

By: /s/ Elizabeth M. Carmody
Elizabeth Mendell Carmody, #25792
COOK, YANCEY, KING & GALLOWAY, PLC
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Tel: (318) 221-6277
Fax: (318) 227-7850
elizabeth.carmody@cookyancey.com

Andrew J. Pincus (*pro hac vice*)
Archis A. Parasharami (*pro hac vice*)
Kevin Ranlett (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-3300
apincus@mayerbrown.com
aparasharami@mayerbrown.com
kranlett@mayerbrown.com

*Attorneys for Defendant The Aspen Institute*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of December, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide notice of electronic filing to the attorneys for all parties.

/s/   *Elizabeth M. Carmody*
Elizabeth Mendell Carmody