**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| JILL HINES, ET AL., | Civil Action No. 3:23-cv-00571 |
| *Plaintiffs*, | Chief Judge Terry A. Doughty |
| v. | Magistrate Judge Kayla D. McClusky |
| ALEX STAMOS, ET AL., | |
| *Defendants*. | |

**DEFENDANT THE ASPEN INSTITUTE'S NOTICE OF AUTOMATIC STAY OF
PROCEEDINGS PENDING APPEAL PURSUANT TO THE FEDERAL ARBITRATION
ACT, 9 U.S.C. § 16(a)**

NOW INTO COURT through undersigned counsel, comes defendant, The Aspen Institute ("Aspen"), to give notice that this case is automatically stayed pending Aspen's appeal under 9 U.S.C. § 16(a) to the United States Court of Appeals for the Fifth Circuit from this Court's Memorandum Order filed December 21, 2023 [Doc. #107], denying Aspen's Motion to Compel Individual Arbitration and Stay Proceedings [Doc. #103].

After the other Defendants appealed from this Court's denial of their motion to compel arbitration [Doc. #88], the Court entered an Order staying all proceedings under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), and administratively terminating the case. Mem. Order [Doc. #92], p. 1. The same *Coinbase* stay applies here.

Under *Coinbase*, as this Court recognized, the filing of a notice of appeal from the denial of a motion to compel arbitration divests the district court of jurisdiction until the appellate

proceedings conclude. *Coinbase*, 559 U.S. at 740-41. Accordingly, the stay pending an appeal under Section 16(a) is "automatic," not "discretionary," *id.* at 746-47.

In addition, as this Court's stay order with respect to the other Defendants recognized, Supreme Court precedent confirms that Aspen has the right to take an interlocutory appeal under 9 U.S.C. § 16(a)—triggering a *Coinbase* stay—even though Aspen is not a signatory to the underlying arbitration agreements. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009) (explaining that under Section 16(a)'s "clear and unambiguous terms, *any litigant* who asks for a stay under § 3 is entitled to an immediate appeal from denial of that motion—regardless of whether the litigant is in fact eligible for a stay [under § 3]") (emphasis added).

For the reasons stated above, and by operation of law, Aspen gives notice that this case is automatically stayed in its entirety under *Coinbase*. Aspen respectfully requests that the Court direct parties to meet and confer once appellate proceedings have concluded to jointly propose a new briefing schedule.

Dated: December 22, 2023

Respectfully submitted,

By: /s/ *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
COOK, YANCEY, KING & GALLOWAY, PLC
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Tel: (318) 221-6277
Fax: (318) 227-7850
elizabeth.carmody@cookyancey.com

Andrew J. Pincus (*pro hac vice*)
Archis A. Parasharami (*pro hac vice*)
Kevin Ranlett (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-3300
apincus@mayerbrown.com
aparasharami@mayerbrown.com
kranlett@mayerbrown.com

*Attorneys for Defendant The Aspen Institute*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 22nd day of December, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide notice of electronic filing to the attorneys for all parties.

                                                          */s/  Elizabeth M. Carmody*
                                                          Elizabeth Mendell Carmody