**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

JILL HINES, ET AL.,

*Plaintiffs*,

*v.*

ALEX STAMOS, ET AL.,

*Defendants*.

Case No. 3:23-cv-571

Chief Judge Terry A. Doughty

Magistrate Judge Kayla D. McClusky

**REPLY IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL MEMORANDUM ON SUBJECT MATTER AND PERSONAL JURISDICTION**

## INTRODUCTION

The Court should deny Plaintiffs' improper request for jurisdictional discovery and dismiss the complaint because Plaintiffs fail to allege facts supporting personal jurisdiction or standing. As to discovery, the Fifth Circuit ordered this Court to address the pending motion to dismiss for lack of jurisdiction; the limited remand does not confer jurisdiction to open discovery or entertain new requests for affirmative relief. Moreover, Plaintiffs waived any right to discovery by failing to timely request it and by affirmatively disclaiming any need for factfinding to the Fifth Circuit. In any event, Plaintiffs do not satisfy the requirements for jurisdictional discovery. On the merits, Plaintiffs repeat the complaint's conclusory assertions about targeting Louisiana and about "coercion." But they identify no actual factual allegations supporting personal jurisdiction or standing.

## ARGUMENT

### I. The Court Should Deny Plaintiffs' Request for Jurisdictional Discovery

#### A. The Limited Remand Does Not Permit Jurisdictional Discovery

The Fifth Circuit held that this Court erred by failing to resolve Defendants' motion to dismiss for lack of jurisdiction, and remanded "for the limited purpose of allowing [this Court] to determine whether it has personal jurisdiction and subject-matter jurisdiction over Defendants." *Hines v. Stamos*, 111 F.4th 551, 555-56, 65-66 (5th Cir. 2024).

That limited remand does not confer jurisdiction to order jurisdictional discovery. Where a defendant files a motion to dismiss based on the pleadings without "submitting evidence"—as Defendants did here—"it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true." *Hunter v. Branch Banking and Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). That is why Plaintiffs correctly told the Fifth Circuit that, because Defendants "launched a facial attack" on the adequacy of the pleadings, "there are no facts to be

found . . . at this juncture," and jurisdiction "turns o[n] the sufficiency of the Complaint's allegations." 5th Cir. Doc. 139 at 4.

The Fifth Circuit's limited remand authorized this Court to address the pending motions at issue on appeal, not to entertain new motions or grant new affirmative relief. That Plaintiffs improperly requested discovery not in a motion but in a supplemental brief does not alter the fact that they are requesting affirmative relief outside the scope of the remand. The only "appropriate way to request jurisdictional discovery [is] through motion, *not* through a responsive brief." *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at *8 (W.D. Tex. Jan. 5, 2018) (emphasis added); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Grosvenor v. Qwest Corp.*, 733 F.3d 990, 997 (10th Cir. 2013). Plaintiffs cannot evade the scope of the limited remand by failing to follow the proper procedure for seeking discovery.

Plaintiffs also misread the word "determine" in the Fifth Circuit's opinion to mean that this Court must decide whether actual facts support Plaintiffs' jurisdictional allegations. *See* Resp. to Suppl. Mem. ("Supp. Opp.") at 3 (ECF 120). But courts regularly "determine" whether they have jurisdiction at the pleading stage based on the allegations in the complaint. *E.g.*, *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1172 (5th Cir. 1987) ("[A] court may *determine* it lacks jurisdiction based on pleadings alone." (emphasis added)); *Jones v. Louisiana S. Ct.*, 2017 WL 1196447, at *2 (W.D. La. Mar. 29, 2017) (similar), *aff'd*, 740 F. App'x 83 (5th Cir. 2018). The jurisdictional question all parties presented to the Fifth Circuit was whether Plaintiffs *alleged* facts supporting jurisdiction. That is the question the Fifth Circuit asked this Court to "determine."

Notably, Plaintiffs have not identified a single case where a district court ordered jurisdictional discovery after the Fifth Circuit remanded for the limited purpose of determining jurisdiction at the pleading stage. *See* Supp. Opp. 3. Indeed, none of the cases Plaintiffs cited concern jurisdiction at all, much less jurisdictional discovery. One concerned the district court's "equitable

power to oversee compliance with its own injunction." *M.D. ex rel. Stukenberg v. Abbott*, 929 F.3d 272, 278 (5th Cir. 2019). Another held that a district court had discretion to find limited facts on a remand for resentencing. *United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004). And in *United States v. 5.00 Acres of Land*, 731 F.2d 1207 (5th Cir. 1984), the Fifth Circuit *reversed* the district court for conducting further hearings on remand. Plaintiffs suggest that unless the Fifth Circuit expressly forbids jurisdictional discovery, it is permitted. But that turns the concept of a *limited* remand on its head. Defendants lodged a facial challenge to jurisdiction and appealed on that narrow question; the remand is thus limited to determining jurisdiction based on the pleadings.

**B. Plaintiffs Have Waived Any Right to Take Jurisdictional Discovery at the Pleadings Stage**

Plaintiffs also waived any right to request jurisdictional discovery thrice over. Defendants moved to dismiss for lack of jurisdiction on August 14, 2023; Plaintiffs opposed the motion on October 19, 2023. *See* ECF 69, 85. Their 64-page brief argued that the amended complaint adequately alleged personal jurisdiction and standing and did not request or mention jurisdictional discovery. Nor did Plaintiffs file a motion for jurisdictional discovery. *See* Fed. R. Civ. P. 7(b)(1). In their merits brief in the Fifth Circuit, Plaintiffs likewise relied on the Amended Complaint's "factual allegations," and did not request jurisdictional discovery or argue that it would be appropriate or justified before resolving the motion to dismiss. *See* 5th Cir. Doc. 108 at 48. That is in contrast to their arguments opposing arbitration, where Plaintiffs specifically asked both this Court and the Fifth Circuit for "arbitration-related discovery." *Id.* at 40; *see* ECF 79 at 49.

In their letter brief following *Murthy v. Missouri*, 144 S. Ct. 1972 (2024), Plaintiffs not only failed to request jurisdictional discovery but affirmatively disclaimed it: "standing at this stage turns o[n] the sufficiency of the Complaint's allegations." 5th Cir. Doc. 139 at 4.

Having failed to seek jurisdictional discovery on three separate occasions over the year the

motion has been pending—including in their opposition brief in this Court and twice in the Fifth Circuit—Plaintiffs have waived any such request. Plaintiffs were required to seek jurisdictional discovery *before* opposing the motion to dismiss in this court, not months after, and their belated request reflects sandbagging at best. *See Viahart LLC v. P'ships & Unincorporated Assocs. Identified on Schedule "A",* 2022 WL 1004412, at *2 (N.D. Ill. Apr. 4, 2022) (finding belated jurisdictional discovery request waived); *United Galvanizing Inc. v. Imperial Zinc Corp.*, 2008 WL 4746334, at *11 (S.D. Tex. Oct. 27, 2008) (denying jurisdictional discovery where, as here, plaintiffs sought it "after the motion to dismiss was fully briefed").

**C. The Standards for Jurisdictional Discovery Are Not Satisfied**

In any event, Plaintiffs fail to demonstrate that jurisdictional discovery is warranted. First, jurisdictional discovery is only permissible where a motion to dismiss "raises issues of fact." *Kelly v. Syria Shell Petroleum v. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000); *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe Gmbh*, 2015 WL 4162599, at *4 (N.D. Tex. July 9, 2015). Plaintiffs conceded that Defendants' motion raises no factual disputes. 5th Cir. Doc. 139 at 4.

Second, in the Fifth Circuit, "jurisdictional discovery is not appropriate absent a preliminary showing that jurisdiction exists and that the discovery sought would add significant facts to the jurisdictional determination." *Litvinov v. Bowtech, Inc.*, 701 F. Supp. 3d 618, 623 (S.D. Tex. 2023) (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)). The movant "must make clear which 'specific facts' he expects discovery to find," and demonstrate that discovery is "likely to produce [those] facts." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (citation omitted); *see SGIC*, 2015 WL 4162599, at *6. Courts therefore must "not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove [the existence of] jurisdiction." *Johnson*, 21 F.4th at 326.

Plaintiffs have made no preliminary showing that jurisdiction exists; as Defendants

explained in their motion to dismiss and supplemental memorandum, there are zero actual facts alleged that could constitute an intentional contact with Louisiana, or that support an inference that Defendants "coerced" social media companies to act on Plaintiffs' posts. Nor do Plaintiffs specify, as the Fifth Circuit requires, the particular facts that discovery is likely to uncover. To the contrary, Plaintiffs vaguely assert that "discovery can be addressed to identify specific references" to Plaintiffs or their groups, and "can be addressed to identifying … direct communications with Louisiana residents and Louisiana state officials." Supp. Opp. 3. This is *not* an averment that discovery is "likely" to produce "specific facts"; it is a statement that Plaintiffs have no basis to believe that there are any such specific references or any specific communications, but hope that discovery might uncover some. That is the very type of "fishing expedition" *Johnson* rejected.

Plaintiffs cite this Court's decisions to order discovery in *Missouri v. Biden*, No. 3:22-cv-1213, and *Kennedy v. Biden*, No. 3:23-cv-381, 2024 WL 3879510, at *3 (W.D. La. Aug. 20, 2024). But this Court explained that it allowed discovery because those cases arose in the preliminary injunction context, where plaintiffs must make an evidentiary showing. *Id.* Moreover, the federal defendants had disputed the plaintiffs' factual allegations. By contrast, Defendants here accept the nonconclusory factual allegations as true; the parties merely dispute the proper inferences to be drawn from those facts. Plaintiffs quote a line from *Guidry v. U.S. Tobacco Co.* (Supp. Opp. 11) about *merits* discovery, but in the next sentence (which Plaintiffs omit), the court reiterated that the "complaint must contain sufficient information to show that a valid claim for relief has been stated" to survive a motion to dismiss and warrant discovery. 188 F.3d 619, 632 (5th Cir. 1999).

## II. The Court Should Dismiss for Lack of Personal Jurisdiction

Plaintiffs' supplemental memorandum, like the amended complaint itself, relies on vague, generalized, conclusory assertions about "targeting" Louisiana, or forbidden inferences that "targeting" or "monitoring" speech across the country necessarily targets Louisiana for jurisdictional

purposes. But there are no actual *facts* alleged in the complaint or cited in the supplemental memo that reflect any purposeful contact by any Defendant with Louisiana.

1. Plaintiffs do not dispute that their complaint contains no defendant-specific jurisdictional allegations at all, and instead reflects group pleading. They point to certain defendant-specific allegations about participation in EIP or VP generally, Supp. Opp. 7-8, but not to any defendant-specific allegations about Louisiana.

Plaintiffs instead contend that group pleading is permissible if they allege a conspiracy. But the "Fifth Circuit [has] rejected" the theory that "an alleged conspiracy … allow[s] the court to impute each defendant's jurisdictional contacts to the other defendants." *Eagle Metal Prod., LLC v. Keymark Enterprises, LLC*, 651 F. Supp. 2d 577, 593 (N.D. Tex. 2009) (citing *Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x 1, 5 (5th Cir. 2004)); *see Conwill v. Greenberg Traurig, L.L.P.*, 2009 WL 5178310, at *4 (E.D. La. Dec. 22, 2009) ("the Fifth Circuit has never adopted a 'conspiracy theory of jurisdiction'"); *Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, 2018 WL 534540, at *5 n.9 (S.D. Tex. Jan. 24, 2018). The only question "reserved" in *Guidry*, Supp. Opp. 7, was whether a defendant-specific allegation that a defendant intentionally participated in a conspiracy *focused on* Louisiana conferred jurisdiction in the absence of *other* individualized contacts by the defendant. That is not alleged here.

2. Group pleading aside, Plaintiffs' supplemental memorandum relies on mischaracterizations of their own complaint. The complaint does not "allege intentional torts in Louisiana." Supp. Opp. 5. It alleges that Defendants took actions in states other than Louisiana that Plaintiffs claim had an effect on a Louisiana resident—which is insufficient for personal jurisdiction. The complaint contains conclusory, generalized assertions about communications and targeting. But the complaint alleges no *facts* supporting an inference that Defendants communicated "with state officials in Louisiana," Supp. Opp. 5, or that they communicated with anyone in Louisiana, which

is why the opposition notably does not identify any specific actual communication. When does the complaint allege that such a communication took place? With whom in Louisiana? About what? Plaintiffs cannot say because the complaint identifies no actual communications. Repeating the complaint's conclusory assertions—like that Defendants engaged in an "extensive, direct, and purposeful campaign" targeting Louisiana, Supp. Opp. 10—does not support jurisdiction.

Moreover, it is not "Defendants" who say that the only alleged communications were between Louisiana government officials and CISA officials, Supp. Opp. 5; the complaint itself states that these emails were "between CISA officials" and "Louisiana state officials," FAC ¶ 382. These emails having nothing to do with EIP do not support a plausible inference that EIP had anything to do with Louisiana. *Contra* Supp. Opp. 13. (Plaintiffs oddly refer to these as emails "Defendants provide." Supp. Opp. 6. These are emails cited and incorporated into the complaint, FAC ¶ 382; Defendants simply attached the ECF document to their brief for the Court's convenience.)

Nor can any allegation that Defendants targeted speech by health freedom groups generally support an assertion that Defendants targeted Jill Hines. *Contra* Supp. Opp. 8-9. The Fifth Circuit has rejected exactly this "greater includes the lesser" theory of personal jurisdiction in cases Plaintiffs do not substantively address. Supp. Mem. 13 (Doc. 116). *Mississippi Interstate Exp., Inc. v. Transpo, Inc.*, 681 F.2d 1003 (5th Cir. 1982), did not endorse such a theory; it found that "Mississippi was clearly the hub of the parties' activities." *Id.* at 1010-11. Nor can Plaintiffs rely on allegations about the Court's preliminary injunction findings when the Fifth Circuit "vacate[d]" that injunction in its "entirety." *Missouri v. Biden*, 2024 WL 3933710, at *1 (5th Cir. 2024).

Plaintiffs' discussion of "laundering" communications through the EI-ISAC, Supp. Opp. 11-12, is a red herring. The complaint does not identify any communication between anyone at EIP (or VP) and EI-ISAC about Louisiana, to pass along to Louisiana officials or otherwise, and so it is irrelevant whether such a communication would support jurisdiction. Plaintiffs do not

explain how alleging that emails with EI-ISAC were shared with the "relevant election official" alleges that such communications were shared with a Louisiana official. *Contra* Supp. Opp. 12.

3. Even if allegations that EIP reviewed speech about Louisiana, or that Louisiana government officials communicated with federal government officials, could constitute a jurisdictional contact even though the complaint does not identify any communication between EIP and anyone in Louisiana, such contacts do not relate to Plaintiffs' claims. As to Hines, Plaintiffs seem to concede that the complaint contains no factual allegations identifying any COVID-19 related communications with or regarding Louisiana. Supp. Opp. 5-6. Alleging that VP is a "continuation" (Supp. Opp. 6) of EIP is not a substitute for identifying such communications.

Plaintiffs cite *Ford Motor Co. v. Montana Eighth Judicial District Court,* 592 U.S. 351 (2021), but that case forecloses any notion that election-related contacts could relate to Hines's claims even though she alleges censorship only of COVID-19 speech. Supp. Opp. 11. *Ford* emphasized that Ford's forum contacts were related to the plaintiffs' allegations because "Ford had systematically served a market in Montana and Minnesota for the *very vehicles that the plaintiffs allege malfunctioned* and injured them in those States." *Ford*, 592 U.S. at 365 (emphasis added).

Hoft—who does not allege that he spoke about Louisiana—points to conclusory allegations that Defendants "interfer[ed] with Hoft's relationship with his audience" in Louisiana. Supp. Opp. 13 (citing FAC ¶¶ 376, 386, 405, 409). Again, none of those paragraphs adduces any *factual allegations* supporting interference. With which post aimed at a Louisiana audience did Defendants interfere? Moreover, Hoft does not respond to cases holding that allegations of mere effects in the forum state—divorced from contacts "with" the forum—are insufficient. Supp. Mem. 14.

## III. The Court Should Dismiss for Lack of Standing

In a case where the alleged injury turns on the actions of a third party not before the court, Plaintiffs must allege specific, non-conclusory facts showing that "the defendant's actions produce

a 'determinative or coercive effect upon the action of someone else.'" *Reule v. Jackson*, 2024 WL 3858127, at *5 (5th Cir. Aug. 19, 2024); *see Bennett v. Spear,* 520 U.S. 154, 169-71 (1997). Plaintiffs appear to concede that their own allegations preclude any inference that any Defendant had a "determinative or coercive effect" on a social media company. Supp. Opp. 19. Instead, relying on a Sixth Circuit case, they contend that they can satisfy traceability by alleging that "a defendant's conduct was a motivating factor in the third party's injurious actions." Supp. Opp. 19 (quoting *Parsons v. Dep't of Justice*, 801 F.3d 701, 714 (6th Cir. 2015). But that is not the test in the Fifth Circuit. Nor is it consistent with *Murthy*. *See* Supp. Mem. 15-17.

Plaintiffs also fail to identify any of the defendant-specific allegations that *Murthy* required. They assert that they "alleged with extreme particularity the fact that the Defendants are all involved in directing and coordinating the censorship activities," Supp. Opp. 18, but do not identify these purportedly particular allegations or explain how they tie any Defendant to any censorship experienced by either Plaintiff. Plaintiffs also assert that they are not required to distinguish among Defendants because they have asserted that Defendants participated in EIP and VP. *Id.* But they cite no authority for the proposition that merely alleging that Defendants worked together on an academic project allows Plaintiffs to evade the necessity of adducing individualized standing allegations. This is the theory the Supreme Court rejected in *Murthy*. The Fifth Circuit had held, for example, that "[c]onsidering their close cooperation and the ministerial ecosystem, we take the White House and the Surgeon General's office together" for standing purposes. *Missouri v. Biden*, 83 F.4th 350, 360 (5th Cir. 2023). The Supreme Court held that standing had to be evaluated separately as to those two defendants. *Murthy*, 144 S. Ct. at 1982.

Plaintiffs also argue that they need not offer specific facts supporting standing at the motion to dismiss stage, and instead can rely on conclusory, "generalized" allegations. *See* Supp. Opp. 17 (arguing that conclusory allegation that "VP … pushes social media platforms to censor" suffices

to allege traceability). This is incorrect. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiffs argue (Supp. Opp. 16 n.4) that *Iqbal*'s plausibility requirements do not apply to standing, but the Fifth Circuit has held the opposite. *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021); *Louisiana Fair Hous. Action Ctr., Inc. v. Azalea Garden Properties, L.L.C.*, 82 F.4th 345, 353 (5th Cir. 2023). Plaintiffs may not rely on "talismanic words"; they must allege "facts." *Louisiana Fair Hous.*, 82 F.4th at 355. But their brief cites no factual allegations identifying "how" a platform was coerced to censor any content. *Id.* at 353.

Plaintiffs' cases about "generalized" factual allegations, Supp. Opp. 15, 24-25, do not involve traceability challenges based on the existence of third parties. Thus, while "[a]t the pleading stage, allegations of *injury* are liberally construed," that rule does not apply "when the injury's existence depends on the decisions of third parties not before the court." *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) (emphasis added). In that context, "a claim of injury generally is too conjectural or hypothetical to confer standing." *Id.* And courts rigorously review factual allegations to ensure that the "determinative or coercive" standard is satisfied. In *Little*, where the factual allegations rendered it "no less likely that [third party accounting clients] would have" acted in one way in response to the defendant's actions than in another way, the Fifth Circuit held that plaintiffs failed to allege traceability. *Id.* at 541. That forecloses Plaintiffs' argument (Supp. Opp. 21) that their allegations are sufficient because social media platforms "could" have acted in response to Defendants.

Finally, as to standing for injunctive relief, Plaintiffs cite their conclusory assertion that EIP's or VP's activities "continue to this day," Supp. Opp. 23, but again allege no supporting facts.

**CONCLUSION**

The Court should deny jurisdictional discovery and dismiss for lack of jurisdiction.

September 11, 2024

Respectfully submitted,

*/s/ Camala E. Capodice*
Quentin F. Urquhart, Jr. (Bar #14475)
Camala E. Capodice (Bar #29117)
Gabrielle C. Broders (Bar #39821)
**IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: qurquhart@irwinllc.com
ccapodice@irwinllc.com
gbroders@irwinllc.com

Mary E. Gately (*pro hac vice*)
Samantha L. Chaifetz (*pro hac vice*)
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, DC 20004
Telephone: (202) 799-4507
Facsimile: (202) 799-5507
Email: mary.gately@dlapiper.com
samantha.chaifetz@us.dlapiper.com

Marie Bussey-Garza (*pro hac vice*)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301
Email: marie.bussey-garza@us.dlapiper.com

*Counsel for Graphika and Camille François*

*/s/ James Brown*
James Brown (Bar #14101)
Devin Reid (Bar #32645)
Brady Hadden (Bar #37708)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dcreid@liskow.com
bhadden@liskow.com
jabrown@liskow.com

John B. Bellinger III (*pro hac vice*)
Elisabeth S. Theodore (*pro hac vice*)
R. Stanton Jones (*pro hac vice*)
Stephen K. Wirth (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Email: john.bellinger@arnoldporter.com
elisabeth.theodore@arnoldporter.com
stanton.jones@arnoldporter.com
stephen.wirth@arnoldporter.com

*Counsel for Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, and Leland Stanford Junior University*

*/s/ Jon K. Guice*
Jon K. Guice (Bar #20841)
**HAMMONDS, SILLS, ADKINS, GUICE, NOAH & PERKINS, L.L.P.**
1881 Hudson Circle
Monroe, Louisiana 71201
Telephone: (318) 324-0101
Facsimile: (318) 322-5375
Email: jguice@hamsil.com

Shelton Dennis Blunt (Bar #21230)
**PHELPS DUNBAR LLP**
II City Plaza | 400 Convention St., Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
Email: dennis.blunt@phelps.com

Karl V. Hopkins (admitted *pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
JPMorgan Chase Tower
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0310
Facsimile: (713) 576.0301
Email: khopkins@bradley.com

Andrew B, Johnson (*pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 Fifth Ave N
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-6295
Email: ajohnson@bradley.com

*Counsel for Atlantic Council and Graham Brookie*

*/s/ Alex B. Rothenberg*
Alex B. Rothenberg (Bar #34740), T.A.
Ewell E. Eagan (Bar #5239)
Makala L. Graves (Bar #40608)
**GORDON, ARATA, MONTGOMERY, BARNETT, McCOLLAM, DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Email: arothenberg@gamb.com
eeagan@gamb.com
mgraves@gamb.com

Rob McKenna (*pro hac vice*)
Daniel Dunne (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
401 Union Street- Suite 3300
Seattle, WA 98101
Telephone: (206) 839-4300
Facsimile: (206) 839-4301
Email: ddunne@orrick.com
emckenna@orrick.com

Geoffrey Shaw (*pro hac vice)*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
Email: geoffreyshaw@orrick.com

*Counsel for Kate Starbird*