**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| JILL HINES, ET AL.,<br><br>　　　　　*Plaintiffs*,<br><br>　v.<br><br>ALEX STAMOS, ET AL.,<br><br>　　　　　*Defendants*. | Case No. 3:23-cv-571<br><br>Chief Judge Terry A. Doughty<br><br>Magistrate Judge Kayla D. McClusky |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION**
**FOR LEAVE TO FILE A SUPPLEMENTAL SUR-REPLY**
**AND TO STRIKE DEFENDANTS' REPLY BRIEF**

Defendants Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, Leland Stanford Junior University, Kate Starbird, Graphika, Camille François, Atlantic Council, and Graham Brookie respectfully oppose Plaintiffs' motion for leave to file a sur-reply and to strike (ECF 124).

First, the Court should not "disregard or strike" any portion of Defendants' authorized reply brief.[1] The Court is now considering Defendants' motion to dismiss for lack of jurisdiction. Because the Court previously acted on Defendants' arbitration motion before briefing on the jurisdictional motion was complete, Defendants have never previously had a chance to submit a reply brief in support of their motion. Defendants submitted the reply brief on the date contemplated in the Court's amended scheduling order stating that "Replies" were due on September 11, 2024 (ECF 118), and Plaintiffs offer no coherent explanation for why Defendants would not be entitled to submit a reply brief in support of their own motion.

Second, the Court should not grant Plaintiffs leave to file a sur-reply. Plaintiffs chose to raise their exceptionally belated jurisdictional-discovery request for the first time in a response brief upon the Court's request for supplemental briefing, rather than via a motion or even in their original opposition to Defendants' motion to dismiss. When one party raises a brand-new argument in a response brief, the moving parties (here, Defendants) get to respond in a reply brief, and Plaintiffs offer no justification for why they are entitled to sur-reply or an exception to that general rule.

**1.** The Court should reject Plaintiffs' invitation for the Court "*sua sponte* to strike" Defendants' reply brief "in its entirety." Pls.' Mem. at 2-3 (ECF 124-1) (citation omitted).

---

[1] Although the ECF filing event for this reply labeled it a supplemental memorandum, it is captioned a reply and was intended as a reply. Defendants asked the docketing clerk to change the label in ECF shortly after filing.

Defendants were authorized both under this Court's orders and the local rules to file a reply in support of their opening brief on remand from the Fifth Circuit (ECF 116). The Court's August 20, 2024 electronic order (ECF 118) authorized Defendants to file a reply brief in support of their supplemental brief. Specifically, the Court's order granted Plaintiffs' motion for an extension of time to respond to Defendants' supplemental brief (ECF 116) and the Aspen Institute's motion to dismiss (ECF 104) and further directed: "Replies due by 9/11/2024." That order—which expressly referred to Defendants' supplemental brief and set the deadline for "Replies"—set the deadline for the filing of Defendants' reply brief. This is consistent with the default rule in this District permitting reply briefs. *See* LR7.1, LR7.4, LR7.8.

It is also consistent with the procedural background of this case so far. Defendants moved to dismiss for lack of jurisdiction on August 14, 2023 (ECF 70); Plaintiffs filed an opposition on October 19, 2023 (ECF 85); and Defendants filed a consent motion seeking a revised schedule, including a time for filing a reply, on October 26, 2023 (ECF 86). The Court ultimately denied Defendants' motion to compel arbitration without acting on the motion to dismiss. As a result, Defendants have never had an opportunity in this case to previously file any reply in support of their motion to dismiss for lack of jurisdiction. Thus, when Plaintiffs claim that Defendants filed the reply as part of a "strategic effort … to have the last word on a matter," Pls.' Mem. at 3 (quoting *Weems v. Hodnett*, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)), they get it backwards. Defendants are *entitled* to have the last word on their own motion. The full quotation from *Weems*—including the portions Plaintiffs omit via ellipsis—states that "*surreplies* often amount to little more than a strategic effort *by the nonmovant* to have the last word on a matter." 2011 WL 2731263, at *1 (emphasis added). Defendants are the *movant*, not the *nonmovant*; and they have filed their first and only reply, not a sur-reply. The statement in *Weems* is a good explanation, however, of why Plaintiffs' request for a sur-reply should be denied. *Infra*.

Plaintiffs argue that the Court's prior July 31, 2024 minute order (ECF 114) did not expressly authorize Defendant to file a reply brief. *See* Pls.' Mem. at 2. But the Court's minute order simply set the deadlines to file the opening brief and the response brief—which departed from the 14-day default rule for responses—while leaving intact the 7-day default rule for Defendants' reply. *See* LR7.4. Nothing about the Court's order suggested that it intended to alter the ordinary rule that a movant gets a reply brief. And the Court's subsequent electronic order setting the deadline for Defendants and Aspen to file their "Replies" (ECF 118) confirmed that the default rule applied.

Plaintiffs' characterization of Defendants' reply brief as an "unauthorized sur-reply" (Pls.' Mem. at 2) makes no sense. Even putting aside that Defendants have never previously had an opportunity to file a reply in support of their motion to dismiss, here, Defendants filed an opening supplemental brief (ECF 116); Plaintiffs filed a response (ECF 120); and Defendants filed a reply (ECF 122). That briefing format is not, by any means, "highly disfavored." Pls.' Mem. at 2 (citation omitted). It is how briefing in this Court (and basically every other court) normally proceeds. *See* LR7.1, LR7.4, LR7.8. Plaintiffs' arguments and citations to cases concerning unauthorized sur-replies therefore miss the mark entirely. *See* Pls.' Mem. at 2-3. Even Plaintiffs recognize that Defendants' reply was the first opportunity that Defendants had, *ever*, to respond to Plaintiffs' belated request for jurisdictional discovery. *See* Pls.' Mem. at 3. It is *Plaintiffs* who are improperly attempting "to have the last word" (*id.* at 3)—outside the normal briefing format—by moving to file an uninvited sur-reply.

**2.** Plaintiffs tacitly concede that striking Defendants' entire reply would be unreasonable and outside "the spirit of the appellate court's mandate" because Defendants were never afforded any opportunity to respond to Plaintiffs' new (improper, waived, and meritless) request for jurisdictional discovery. Pls. Mem. at 3 (citation omitted). Instead, they ask the Court to strike (or

3

disregard) only the portions of Defendants' reply in support of Defendants' motion to dismiss for lack of jurisdiction. *Id.* at 3-4. The Court should deny this request for the reasons described above. And even if the Court did not originally intend for Defendants to file a reply brief, the Court should nevertheless retroactively grant Defendants leave to file. Reply briefs are authorized by default under the local rules (*see* LR7.1, LR7.4, LR7.8); Defendants never had the opportunity to file a reply brief in support of their original motion to dismiss (ECF 70) or to respond in any way in this Court to any of Plaintiffs' arguments on the motion to dismiss; and the Court would benefit from a full airing of the parties' positions under the default briefing format—opening brief, response brief, reply brief.

**3.** Finally, the Court should deny Plaintiffs' request for leave to file a sur-reply. Pls.' Mem. at 4. Plaintiffs "fail[] to demonstrate exceptional or extraordinary circumstances warranting" a sur-reply. *Weems*, 2011 WL 2731263, at *1. They identified no "new issues" that "the *movant* raised for the first time in its reply brief," and do not dispute that "the scope of [Defendants' reply] was limited to addressing the arguments raised by the memorandum in opposition," including the request in the opposition brief for jurisdictional discovery. *Id.* (emphasis added).

Plaintiffs argue that they "have never had a chance to address" Defendants' arguments opposing jurisdictional discovery. *Id.* For good reason: Plaintiffs had never before requested jurisdictional discovery throughout this litigation, notwithstanding their many opportunities to do so both before this Court and the Fifth Circuit. It is puzzling at best for Plaintiffs to fault Defendants for "not discuss[ing] jurisdictional discovery" (*id.*) in their opening supplemental brief when Plaintiffs had never requested jurisdictional discovery and expressly disclaimed it in the Fifth Circuit. *See* Defs.' Reply at 3-4 (ECF 122). Plaintiffs' argument that they "indicated they would seek preliminary injunction-related discovery" (Pls.' Mem. at 3) is likewise hard to follow. Plaintiffs have not moved for a preliminary injunction and a stray comment in a brief filed nearly a year ago

4

about seeking preliminary-injunction related discovery *if* Plaintiffs moved for a preliminary injunction could not possibly have put Defendants on notice that Plaintiffs would request jurisdictional discovery at the motion-to-dismiss stage that they had not previously requested in their opposition brief and had disclaimed in the Fifth Circuit. *See* Defs.' Reply at 3-4.

Likewise, Plaintiffs' argument that they could not "have anticipated that Defendants would make … arguments" against jurisdictional discovery "because … this Court's order permitted only *two* briefs" (*id.*) rings especially hollow. Not only did the Court's electronic order (ECF 118) authorize "Replies," it is patently unfair for Plaintiffs to cite their own gamesmanship in raising jurisdictional discovery for the first time in what they understood to be the last brief as a basis for why they should be granted an *extra* brief on the matter.

The proper course is for the Court to retain the default briefing format—opening brief, response brief, reply brief. Plaintiff's motion should be denied.

5

| | |
|---|---|
| September 18, 2024 | Respectfully submitted, |

/s/ Camala E. Capodice
Quentin F. Urquhart, Jr. (Bar #14475)
Camala E. Capodice (Bar #29117)
Gabrielle C. Broders (Bar #39821)
**IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: qurquhart@irwinllc.com
ccapodice@irwinllc.com
gbroders@irwinllc.com

Mary E. Gately (*pro hac vice*)
Samantha L. Chaifetz (*pro hac vice*)
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, DC 20004
Telephone: (202) 799-4507
Facsimile: (202) 799-5507
Email: mary.gately@dlapiper.com
samantha.chaifetz@us.dlapiper.com

Marie Bussey-Garza (*pro hac vice*)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301
Email: marie.bussey-garza@us.dlapiper.com

*Counsel for Graphika and Camille François*

/s/ James Brown
James Brown (Bar #14101)
Devin Reid (Bar #32645)
Brady Hadden (Bar #37708)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dcreid@liskow.com
bhadden@liskow.com
jabrown@liskow.com

John B. Bellinger III (*pro hac vice*)
Elisabeth S. Theodore (*pro hac vice*)
R. Stanton Jones (*pro hac vice*)
Stephen K. Wirth (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Email: john.bellinger@arnoldporter.com
elisabeth.theodore@arnoldporter.com
stanton.jones@arnoldporter.com
stephen.wirth@arnoldporter.com

*Counsel for Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, and Leland Stanford Junior University*

| | |
|---|---|
| */s/ Jon K. Guice* | */s/ Alex B. Rothenberg* |
| Jon K. Guice (Bar #20841) | Alex B. Rothenberg (Bar #34740), T.A. |
| **HAMMONDS, SILLS, ADKINS, GUICE,** | Ewell E. Eagan (Bar #5239) |
|   **NOAH & PERKINS, L.L.P.** | Makala L. Graves (Bar #40608) |
| 1881 Hudson Circle | **GORDON, ARATA, MONTGOMERY,** |
| Monroe, Louisiana 71201 |   **BARNETT, McCOLLAM,** |
| Telephone: (318) 324-0101 |   **DUPLANTIS & EAGAN, LLC** |
| Facsimile: (318) 322-5375 | 201 St. Charles Avenue, 40th Floor |
| Email: jguice@hamsil.com | New Orleans, Louisiana 70170-4000 |
| | Telephone: (504) 582-1111 |
| Shelton Dennis Blunt (Bar #21230) | Facsimile: (504) 582-1121 |
| **PHELPS DUNBAR LLP** | Email: arothenberg@gamb.com |
| II City Plaza | 400 Convention St., Suite 1100 |       eeagan@gamb.com |
| Baton Rouge, Louisiana 70802 |       mgraves@gamb.com |
| Telephone: (225) 346-0285 | |
| Facsimile: (225) 381-9197 | Rob McKenna (*pro hac vice*) |
| Email: dennis.blunt@phelps.com | Daniel Dunne (*pro hac vice*) |
| | **ORRICK, HERRINGTON &** |
| Karl V. Hopkins (admitted *pro hac vice*) |   **SUTCLIFFE LLP** |
| **STEPTOE LLP** | 401 Union Street- Suite 3300 |
| 717 Texas Ave., Suite 2800 | Seattle, Washington 98101 |
| Houston, Texas 77002 | Telephone: (206) 839-4300 |
| Telephone: (713) 211-2300 | Facsimile: (206) 839-4301 |
| khopkins@steptoe.com | Email: ddunne@orrick.com |
| |       emckenna@orrick.com |
| Andrew B, Johnson (*pro hac vice*) | |
| **BRADLEY ARANT BOULT** | Geoffrey Shaw (*pro hac vice)* |
|   **CUMMINGS LLP** | **ORRICK, HERRINGTON &** |
| 1819 Fifth Ave N |   **SUTCLIFFE LLP** |
| Birmingham, Alabama 35203 | 355 S. Grand Ave., Ste. 2700 |
| Telephone: (205) 521-8000 | Los Angeles, California 90071 |
| Facsimile: (205) 521-6295 | Telephone: (213) 629-2020 |
| Email: ajohnson@bradley.com | Facsimile: (213) 612-2499 |
| | Email: geoffreyshaw@orrick.com |
| *Counsel for Atlantic Council and Graham Brookie* | *Counsel for Kate Starbird* |

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 18th day of September 2024, a true and correct copy of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

                                        */s/ James A. Brown*
                                        James A. Brown