UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JILL HINES, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX STAMOS, *et al.*<br><br>*Defendants.* | Case No. 3:23-cv-00571<br>Chief Judge Terry A. Doughty<br>Magistrate Judge Kayla D. McClusky |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO DEFENDANTS' UNAUTHORIZED REPLY ADDRESSING STANDING, PERSONAL JURISDICTION, AND JURISDICTIONAL DISCOVERY**

Defendants' arguments that they were entitled to file their supplemental reply mischaracterize the record and their own filings. Defendants do not actually say the Court's July 31, 2024, order authorized the filing of a reply brief, and it plainly did not do so. They instead claim the Court's order directed, in essence, a traditional briefing schedule of an opening brief, response, and reply. The plain text of the order directly contradicts this reading. Thus, Defendants stretch even more and argue that in granting *Plaintiffs'* motion for an extension of time, the Court somehow also authorized the filing of the Supplemental Reply. That is belied by the order's text, the underlying motion, and counsels' contemporaneous exchange of emails.

Nor do Defendants provide any plausible basis for refusing Plaintiffs leave to file their Supplemental Response. They instead rely on distortions of the docket and this Court's orders, and respond to arguments that Plaintiffs make in their Supplemental Response. At most, they assert that Plaintiffs do not identify new issues in their proposed Supplemental Response—a contention that is plainly incorrect, as Plaintiffs' motion and proposed brief both demonstrate.

1

## ARGUMENT

**1.** Defendants never dispute that this Court's July 31, 2024, order facially authorized only two briefs: one from Defendants and a response from Plaintiffs. Defendants instead argue the order impliedly re-opened a full battery of briefing for their motion to dismiss. Doc. 126, at 3. But the Court's July 31, 2024, order authorized Defendants to "*supplement* their memorandum in support of" their previously filed motion to dismiss. Doc. 114 (emphasis added). Nothing in the order suggests the Court ordered a whole new round of briefing—*i.e.*, an opening brief, a response, and a reply. A "supplement" to a previously filed motion clearly contemplates just *one* brief. If the Court intended that Defendants could file a reply without leave, it clearly could have said so. For example, that same day, the Court issued a Notice of Motion Setting for Defendant Aspen Institute's motion to dismiss which expressly says "[t]he movant may file a reply, without leave of the court." Doc. 115, at 1. That is nothing new. Throughout this case, the Court has used similar language to set forth the briefs that can be filed without leave. *See, e.g.*, Doc. 71.

Unable to find support in the July 31, 2024, order authorizing supplemental briefing, Defendants mischaracterize the case's history. They call their supplemental brief, for example, an "opening brief . . . ." Doc. 126, at 2. But the memorandum is titled as a "*Supplemental* Memorandum," Doc. 116 (emphasis added) (cover), and the first sentence of the memorandum says it is filed "in support of" Defendants' previously filed motion. *Id.* Moreover, Defendants' argument that their brief is an "opening" brief contradicts their argument that their extra brief is permissible because they "never had an opportunity . . . to previously file any reply in support of their motion to dismiss . . . ." Doc. 126, at 2; *see also id.* at 3–4 (asserting, again, Defendants had no chance "to respond" to Plaintiffs' arguments).

That claim—that they never had a chance to respond to Plaintiffs' arguments—is also incorrect. First, Defendants could have filed a reply instead of asking the Court to deny their

motion to dismiss as moot and to extend the time to respond to the FAC. Doc. 86-1, at 10. Second, the Court's order directing supplemental briefing gave Defendants an opportunity to address Plaintiffs' arguments—something they could easily have done given that the jurisdictional issues had just been briefed at the Fifth Circuit. Defendants' arguments on this front are really an admission they are trying to cover deficiencies in their original briefing.

Defendants also try to find authorization for their unauthorized brief in this Court's August 20, 2024 Order, Doc. 118, granting Plaintiffs' motion for an extension of time to file their response to Defendants' supplemental reply and to file their response to Aspen's motion to dismiss. Doc. 126, at 1–2. The order, to be sure, resets a reply deadline—but it is the reply deadline for *Aspen* regarding its motion to dismiss. The portion of the order surrounding "Replies due by 9/11/2024" is "104 Motion to Dismiss for Lack of Jurisdiction and for Improper Venue Responses due 9/4/2024 Replies due 9/11/2024. Motion Ripe Deadline set for 9/11/2024." Doc. 118 (italics omitted). That phrase is set off from the rest of the order by a comma. *See id.* Clearly, the Court reset the deadline by which Aspen had to file its reply in support of its motion to dismiss—*i.e.*, the reply brief for Aspen that the Court had previously authorized in its July 31 Order. Doc. 115, at 1.

Moreover, the Court's August 20, 2024, order granted *Plaintiffs'* motion for an extension of time to file their response to Defendants' supplemental memorandum and to respond to Aspen's motion to dismiss. Doc. 118. If it seems odd that Plaintiffs would ask the Court to provide *Defendants* an additional brief in such a motion, it is because Plaintiffs did not. The only request Plaintiffs made was for the Court to "extend the deadline for Plaintiffs' Responses to the Motions to Dismiss of the Stamos Defendants and Defendant Aspen Institute to September 4, 2024." Doc. 117, at 2. Indeed, the motion's summary of the Court's post-remand orders says that *only* Aspen was authorized to file a reply. *Id.* at 1–2. Furthermore, when Plaintiffs' counsel asked for

3

Defendants' consent for the extension, the *only* relief mentioned was an extension of Plaintiffs' deadlines; no one, including Defendants, asked about an additional brief. Ex. A, at 1–2.

As Plaintiffs said, Defendants' "Supplemental Reply is no different than an unauthorized sur-reply," and should be treated as such by this Court. Doc. 124-1, at 2. To the extent the Court considers Defendants' Supplemental Reply, it should consider only Defendants' arguments regarding jurisdictional discovery. *See* Doc. 124-1, at 3–4. Defendants' belated attempt to seek leave, *see* Resp. 3–4, does nothing to refute Plaintiffs' point, *see* Doc. 124-1, at 2–3, that the Court received full briefing on the jurisdictional arguments and Defendants' unauthorized Supplemental Reply is "little more than a strategic effort … to have the last word on a matter," *Weems v. Hodnett*, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011).

**2.** Defendants' argument that the Court should deny Plaintiffs' leave to file their Supplemental Response is meritless and, in light of their failure to seek leave before filing their own unauthorized brief, highly ironic. Defendants rely in part on the claim that the Court, in granting Plaintiffs' request for an extension to file their responses, authorized Defendants leave to file a Supplemental Reply. Doc. 126, at 5. That argument is meritless for the reasons discussed above. It is Defendants who have engaged in "gamesmanship," Doc. 126, at 5, by attempting to file an unauthorized brief and then misstating the Court's orders to justify their conduct.

In any event, Defendants fail to undermine Plaintiffs' arguments for filing Plaintiffs' Supplemental Response. Plaintiffs' memorandum identifies the issues they seek to address and shows that Defendants injected them into the proceeding in their Supplemental reply. *See* Doc. 124-1, at 4. *Contra* Doc. 126, at 4. Defendants do not grapple with those arguments. Rather, they address the propriety of jurisdictional discovery, raising points that Plaintiffs address in their proposed Supplemental Response. *Compare* Doc. 126, at 4–5, *with* Doc. 124-2, at 3–4. That

Defendants address the merits Plaintiffs' Supplemental Response establishes that Defendants have no arguments for why the Court should disregard them by not granting Plaintiffs' leave to file.

## CONCLUSION

For those reasons, Plaintiffs respectfully request that this Court disregard or strike the jurisdictional arguments in the Defendants' unauthorized Supplemental Reply, and grant Plaintiffs leave to file their Supplemental Response addressing jurisdictional discovery.

Dated: September 20, 2024                                   Respectfully submitted,

| AMERICA FIRST LEGAL<br><br>*/s/ Gene P. Hamilton*<br>Gene P. Hamilton, GA Bar No. 516201*<br>Reed D. Rubinstein, DC Bar No. 400153*<br>Nicholas R. Barry, TN Bar No. 031963*<br>Michael Ding, DC Bar No. 1027252*<br>Juli Z. Haller, DC Bar No. 466921*<br>James K. Rogers, AZ Bar No. 027287*<br>Andrew J. Block, VA Bar No. 91537*<br>611 Pennsylvania Ave SE #231<br>Washington, DC 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org<br>reed.rubinstein@aflegal.org<br>nicholas.bary@aflegal.org<br>juli.haller@aflegal.org<br>james.rogers@aflegal.org<br>andrew.block@aflegal.org | JAMES OTIS LAW GROUP, LLC<br><br>*/s/ D. John Sauer*<br>D. John Sauer, Mo. Bar No. 58721*<br>Justin D. Smith, Mo. Bar No. 63253*<br>13321 North Outer Forty Road, Suite 300<br>St. Louis, Missouri 63017<br>(314) 562-0031<br>John.Sauer@james-otis.com<br><br>* admitted *pro hac vice*<br><br><br>LANGLEY & PARKS, LLC<br><br>By: */s/ Julianna P. Parks*<br>Julianna P. Parks, Bar Roll No. 30658<br>4444 Viking Drive, Suite100<br>Bossier City, Louisiana 71111<br>(318) 383-6422 Telephone<br>(318) 383-6405 Telefax<br>jparks@langleyparks.com |
|---|---|

5

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 20, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

<em>/s/ D. John Sauer</em>