# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JILL HINES, *et al.*<br><br>       *Plaintiffs*,<br><br>v.<br><br>ALEX STAMOS, *et al.*<br><br>       *Defendants*. | Case No. 3:23-cv-00571<br>Chief Judge Terry A. Doughty<br>Magistrate Judge Kayla D. McClusky |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES RELATING TO JURISDICTION TO DEFENDANT THE LELAND STANFORD JUNIOR UNIVERSITY**

  Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs propound the following Interrogatories ("Interrogatories").

**DEFINITIONS**

  As used in these Requests, the following terms shall have the meanings set forth herein:

  1. "You," "Your," and "Stanford" include the Leland Stanford Junior University and all current and past subcomponents of the University, including but not limited to the Stanford Internet Observatory; and all agents, representatives, employees (including volunteers, interns, research assistants, and fellows), independent contractors, attorneys, and other persons acting or purporting to act on behalf of the Leland Stanford Junior University or any current or former subcomponent of the University.

  2. "Communication" means any expression, statement, conveyance, or dissemination of any words, thoughts, statements, ideas, or information, regardless of form, format, or kind. "Communication" includes but is not limited to oral or written communications of any kind, such as telephone conversations, discussions, meetings, notes, letters, agreements, emails or other electronic communications, text messages, facsimiles, and other forms of written or oral exchange that are recorded in any way, including video recordings, audio recordings, written notes, or otherwise. Any Communication that also falls within the definition of "Document" shall constitute both a Document and a Communication for purposes of this civil investigative demand.

  3. "Document" includes every "writing," "recording," and "photograph" as Federal Rule of Evidence 1001 defines those terms, as well as any "duplicate" of any writing, recording, or photograph. "Document" includes but is not limited to electronic documents, files, databases, and records, including but not limited to emails, voicemails, text messages, calendar appointments, instant messages, MMS messages, SMS messages, iMessages, computer files, spreadsheets, and

metadata. The term Document includes every draft of any other material that falls within the definition of Document.

4. "Identify", when used with respect to a person or entity, means information sufficient to allow Plaintiffs to ascertain the current contact information (name, home or business address, telephone number, email), and if not a natural person, the current contact information for Your point of contact with the entity or facility to be identified, as well as the relationship of that person or entity to You. For Your current and former employees (including volunteers, research assistants, and fellows), you must also provide the individual's title, prior titles (if any), department, primary office, and start and end date.

5. "Identify", with regard to a Communication, means to state with specificity the date of the Communication; the medium of communication; the location of the Communication; the name(s) and alias(es) of the person(s) who made the Communication; and the name(s) and alias(es) of all persons who were present when the statement was made, who received the Communication, who heard the Communication, or who came to know of the content of the Communication at a later time.

6. "Person" includes all natural persons, corporations, proprietorships, partnerships, associations, firms, and entities of any kind.

7. "Relating to", "related to", and "relate to" mean to be relevant in any way to the subject matter in question, including without limitation all information that directly or indirectly contains, records, reflects, summarizes, evaluates, refers to, is pertinent to, indicates, comments upon, or discusses the subject matter; or that states the background of, or was the basis for, or that records, evaluates, comments, was referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, position, decision, belief, policy, practice, course of business, course of conduct, procedure, or assertion concerning the subject matter.

8. "EIP" means the Election Integrity Partnership described in the First Amended Complaint (ECF No. 77).

9. "VP" means the Virality Project described in the First Amended Complaint (ECF No. 77).

10. "Stanford EIP/VP Personnel" includes all agents, representatives, employees (including volunteers, interns, research assistants, and fellows), students, independent contractors, attorneys, and other persons acting or purporting to act on behalf of Stanford who performed any work (whether paid or unpaid) regarding the EIP or the VP. "Stanford EIP/VP Personnel" includes but is not necessarily limited to Alex Stamos; Renée DiResta; Pierce Lowary; Alex Zaheer; Jack Cable; Isabella Garcia-Camargo; Carly Miller; Matthew Masterson; Elena Cryst; John Perrino; Daniel Bateyko; Shelby Grossman; Teri Hankes; David Thiel; and Chase Small.

## INTERROGATORIES

1. Identify every analyst who was assigned, at any time, to the State of Louisiana as part of the EIP or the VP.[1]

**ANSWER**:

2. Identify every analyst who was assigned, at any time, to an "interest group" specific to Louisiana, including but not limited to any interest group whose designation includes the word "Louisiana" or the name of any city or parish of Louisiana.[2]

**ANSWER**:

3. For each individual identified in response to Interrogatory 1 or 2, identify each senior analyst, manager, or other supervisor who participated in "Tier 2" or "Tier 3" activities[3] with respect to tickets handled by the identified individual.

**ANSWER**:

4. For each ticket responsive to any of Requests for Production 1 through 6 (served contemporaneously with these Interrogatories):
   a. State whether the representatives of any platform were added to the ticket in Jira;
   b. State whether the ticket (or the content at issue in the ticket) was otherwise transmitted to any platform or brought to the attention of any platform; and
   c. For tickets transmitted to or brought to the attention of any platform (whether through Jira or otherwise), identify each platform notified, the date(s) on which the notification(s) occurred, the EIP/VP personnel involved in the notification(s), the platform personnel involved in the notification(s), and (if known) the action taken by each platform regarding the content at issue.

**ANSWER**:

5. Identify all designated points of contact for the EIP or VP with any state, local, or municipal governmental entity within the State of Louisiana.

**ANSWER**:

6. Identify all employees (including volunteers, interns, research assistants, and fellows) or other Stanford EIP/VP Personnel who performed any work relating to the EIP or VP within the State of Louisiana.

**ANSWER**:

---

[1] *See The Long Fuse: Misinformation and the 2020 Election* (filed as ECF No. 1-2), at 9 ("To ensure coverage in the monitoring process, each analyst was assigned to a specific state or interest group . . ., which they developed expertise in and followed throughout the project.").
[2] *See id.*
[3] *See id.* at 9-10.

3

7. Identify all agents, representatives, employees (including volunteers, interns, research assistants, and fellows), students, independent contractors, attorneys, and other persons acting or purporting to act on behalf of Stanford who performed any work (whether paid or unpaid) regarding the EIP or the VP.

**ANSWER**:

8. Identify all communications relating to the EIP or the VP between any Stanford EIP/VP Personnel and any employees, officers, or agents of any state, local, or municipal governmental entity within the State of Louisiana. In responding to this Interrogatory, you need not identify written communications that are being produced in full in response to any Request for Production.

**ANSWER**:

9. Identify all communications relating to the EIP or the VP between any Stanford EIP/VP Personnel and any employees, officers, or agents of any federal agency where the communication related to the State of Louisiana; any state, local, or municipal governmental entity within the State of Louisiana; or any person residing in Louisiana. In responding to this Interrogatory, you need not identify written communications that are being produced in full in response to any Request for Production.

**ANSWER**:

10. Identify all communications relating to the EIP or the VP between any Stanford EIP/VP Personnel that relate to the State of Louisiana, any person residing within Louisiana, or any entity based in Louisiana. In responding to this Interrogatory, you need not identify written communications that are being produced in full in response to any Request for Production.

**ANSWER**:

| | |
|---|---|
| Dated: January 2, 2025 | Respectfully submitted, |
| AMERICA FIRST LEGAL | JAMES OTIS LAW GROUP, LLC |
| */s/ Gene P. Hamilton*<br>Gene P. Hamilton, GA Bar No. 516201*<br>Reed D. Rubinstein, DC Bar No. 400153*<br>Nicholas R. Barry, TN Bar No. 031963*<br>Michael Ding, DC Bar No. 1027252*<br>Juli Z. Haller, DC Bar No. 466921*<br>James K. Rogers, AZ Bar No. 027287*<br>Andrew J. Block, VA Bar No. 91537*<br>611 Pennsylvania Ave SE #231<br>Washington, DC 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org<br>reed.rubinstein@aflegal.org<br>nicholas.bary@aflegal.org<br>juli.haller@aflegal.org<br>james.rogers@aflegal.org<br>andrew.block@aflegal.org | */s/ D. John Sauer*<br>D. John Sauer, Mo. Bar No. 58721*<br>Justin D. Smith, Mo. Bar No. 63253*<br>13321 North Outer Forty Road, Suite 300<br>St. Louis, Missouri 63017<br>(314) 562-0031<br>John.Sauer@james-otis.com<br><br>* admitted *pro hac vice*<br><br><br>LANGLEY & PARKS, LLC<br><br>By:  */s/ Julianna P. Parks*<br>Julianna P. Parks, Bar Roll No. 30658<br>4444 Viking Drive, Suite100<br>Bossier City, Louisiana 71111<br>(318) 383-6422 Telephone<br>(318) 383-6405 Telefax<br>jparks@langleyparks.com |

5