# EXHIBIT Q

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JILL HINES, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX STAMOS, *et al.*<br><br>*Defendants.* | Case No. 3:23-cv-00571<br>Chief Judge Terry A. Doughty<br>Magistrate Judge Kayla D. McClusky |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION RELATING TO JURISDICTION TO DEFENDANT KATE STARBIRD**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs propound the following Requests for Production ("Requests").

**DEFINITIONS**

As used in these Requests, the following terms shall have the meanings set forth herein:

1.  "UW" includes the University of Washington and all current and past subcomponents of the University, including but not limited to the Center for an Informed Public; and all agents, representatives, employees (including volunteers, interns, research assistants, and fellows), independent contractors, attorneys, and other persons acting or purporting to act on behalf of the University of Washington or any current or former subcomponent of the University of Washington.

2.  "Communication" means any expression, statement, conveyance, or dissemination of any words, thoughts, statements, ideas, or information, regardless of form, format, or kind. "Communication" includes but is not limited to oral or written communications of any kind, such as telephone conversations, discussions, meetings, notes, letters, agreements, emails or other electronic communications, text messages, facsimiles, and other forms of written or oral exchange that are recorded in any way, including video recordings, audio recordings, written notes, or otherwise. Any Communication that also falls within the definition of "Document" shall constitute both a Document and a Communication for purposes of this civil investigative demand.

3.  "Document" includes every "writing," "recording," and "photograph" as Federal Rule of Evidence 1001 defines those terms, as well as any "duplicate" of any writing, recording, or photograph. "Document" includes but is not limited to electronic documents, files, databases, and records, including but not limited to emails, voicemails, text messages, calendar appointments, instant messages, MMS messages, SMS messages, iMessages, computer files, spreadsheets, and

1

metadata. The term Document includes every draft of any other material that falls within the definition of Document.

4. "Person" includes all natural persons, corporations, proprietorships, partnerships, associations, firms, and entities of any kind.

5. "Relating to", "related to", and "relate to" mean to be relevant in any way to the subject matter in question, including without limitation all information that directly or indirectly contains, records, reflects, summarizes, evaluates, refers to, is pertinent to, indicates, comments upon, or discusses the subject matter; or that states the background of, or was the basis for, or that records, evaluates, comments, was referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, position, decision, belief, policy, practice, course of business, course of conduct, procedure, or assertion concerning the subject matter.

6. "EIP" means the Election Integrity Partnership described in the First Amended Complaint (ECF No. 77).

7. "VP" means the Virality Project described in the First Amended Complaint (ECF No. 77).

8. "UW EIP/VP Personnel" includes all agents, representatives, employees (including volunteers, interns, research assistants, and fellows), students, independent contractors, attorneys, and other persons acting or purporting to act on behalf of UW who performed any work (whether paid or unpaid) regarding the EIP or the VP. "UW EIP/VP Personnel" includes but is not necessarily limited to Dr. Kate Starbird; Dr. Emma Spiro; Dr. Jevin West; and the "one affiliate faculty member, three postdoctoral researchers . . ., nine undergraduate and PhD students from the University of Washington, [one] data engineer, and [one] communications specialist" mentioned on page 4 of *The Long Fuse: Misinformation and the 2020 Election*.

9. "EI-ISAC" means the Elections Infrastructure Information Sharing & Analysis Center.

10. "MS-ISAC" means the Multi-State Information Sharing and Analysis Center.

11. "NASS" means the National Association of Secretaries of State.

12. "NASED" means the National Association of State Election Directors.

## REQUESTS

1. For each ticket responsive to any of Requests 1 through 6 in the subpoena contemporaneously issued to the University of Washington, produce all documents relating to the investigation, analysis, assessment, mitigation, and other action relating to the ticket. Responsive materials include, but are not limited to, all data in the Jira system relating to the ticket, including all applicable logs and chats; and all communications regarding the ticket, including communications with platforms regarding the ticket or the content at issue in the ticket.

2. All communications that relate to or mention Jill Hines, Health Freedom Louisiana, Reopen Louisiana, "HFL," @healthfreedomla, healthfreedomla.org, or any other "health freedom" organization.

3. All communications relating to or mentioning Jim Hoft or The Gateway Pundit.

4. All reports, briefings (including regular briefings to platforms or government actors), presentations, and other work product created in connection with the EIP or VP that discuss Louisiana, Jill Hines, Health Freedom Louisiana, Reopen Louisiana, Jim Hoft, or The Gateway Pundit.

5. All email correspondence where a sender or recipient (including a recipient via "cc" or "bcc") of the email had an email address domain ending in either "la.gov" or "louisiana.gov." This Request seeks only correspondence sent on or after July 1, 2020.

6. All communications received by the account "tips@2020partnership.atlassian.net" or the account "tips@viralityproject.atlassian.net" that relate to or discuss Louisiana, persons who resided in Louisiana, or businesses or governmental entities based in Louisiana.

7. All communications relating to the EIP or the VP where the sender or recipient (including "cc" or "bcc") was an employee, officer, or agent of the Aspen Institute. This Request seeks only correspondence sent on or after July 1, 2020.

8. All documents relating to any travel to the State of Louisiana by any UW EIP/VP Personnel relating to the EIP or the VP, including but not limited to travel itineraries and reimbursement requests.

9. All documents (including communications) containing the word "Louisiana" or the abbreviations "La" or "LA." This Request seeks only correspondence sent on or after July 1, 2020.

Dated: January 2, 2025

AMERICA FIRST LEGAL

*/s/ Gene P. Hamilton*
Gene P. Hamilton, GA Bar No. 516201*
Reed D. Rubinstein, DC Bar No. 400153*
Nicholas R. Barry, TN Bar No. 031963*
Michael Ding, DC Bar No. 1027252*
Juli Z. Haller, DC Bar No. 466921*
James K. Rogers, AZ Bar No. 027287*
Andrew J. Block, VA Bar No. 91537*
611 Pennsylvania Ave SE #231
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org
reed.rubinstein@aflegal.org
nicholas.bary@aflegal.org
juli.haller@aflegal.org
james.rogers@aflegal.org
andrew.block@aflegal.org

Respectfully submitted,

JAMES OTIS LAW GROUP, LLC

*/s/ D. John Sauer*
D. John Sauer, Mo. Bar No. 58721*
Justin D. Smith, Mo. Bar No. 63253*
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(314) 562-0031
John.Sauer@james-otis.com

* admitted *pro hac vice*


LANGLEY & PARKS, LLC

By:  */s/ Julianna P. Parks*
Julianna P. Parks, Bar Roll No. 30658
4444 Viking Drive, Suite100
Bossier City, Louisiana 71111
(318) 383-6422 Telephone
(318) 383-6405 Telefax
jparks@langleyparks.com

4