# EXHIBIT S

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Louisiana

| | |
|---|---|
| Hines, et al. <br> *Plaintiff* <br> v. <br> Stamos, et al. <br> *Defendant* | ) ) ) ) ) ) Civil Action No. 3:23-cv-571 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: University of Washington

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:23-cv-571

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment                                    Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiffs command the production of the following materials.

## DEFINITIONS

As used in these Requests, the following terms shall have the meanings set forth herein:

1. "You," "Your," and "UW" include the University of Washington and all current and past subcomponents of the University, including but not limited to the Center for an Informed Public; and all agents, representatives, employees (including volunteers, interns, research assistants, and fellows), independent contractors, attorneys, and other persons acting or purporting to act on behalf of the University of Washington or any current or former subcomponent of the University of Washington.

2. "Communication" means any expression, statement, conveyance, or dissemination of any words, thoughts, statements, ideas, or information, regardless of form, format, or kind. "Communication" includes but is not limited to oral or written communications of any kind, such as telephone conversations, discussions, meetings, notes, letters, agreements, emails or other electronic communications, text messages, facsimiles, and other forms of written or oral exchange that are recorded in any way, including video recordings, audio recordings, written notes, or otherwise. Any Communication that also falls within the definition of "Document" shall constitute both a Document and a Communication for purposes of this civil investigative demand.

3. "Document" includes every "writing," "recording," and "photograph" as Federal Rule of Evidence 1001 defines those terms, as well as any "duplicate" of any writing, recording, or photograph. "Document" includes but is not limited to electronic documents, files, databases, and records, including but not limited to emails, voicemails, text messages, calendar appointments, instant messages, MMS messages, SMS messages, iMessages, computer files, spreadsheets, and metadata. The term Document includes every draft of any other material that falls within the definition of Document.

4. "Person" includes all natural persons, corporations, proprietorships, partnerships, associations, firms, and entities of any kind.

5. "Relating to", "related to", and "relate to" mean to be relevant in any way to the subject matter in question, including without limitation all information that directly or indirectly contains, records, reflects, summarizes, evaluates, refers to, is pertinent to, indicates, comments upon, or discusses the subject matter; or that states the background of, or was the basis for, or that records, evaluates, comments, was referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, position, decision, belief, policy, practice, course of business, course of conduct, procedure, or assertion concerning the subject matter.

6. "EIP" means the Election Integrity Partnership described in the First Amended Complaint (ECF No. 77).

7. "VP" means the Virality Project described in the First Amended Complaint (ECF No. 77).

8. "UW EIP/VP Personnel" includes all agents, representatives, employees (including volunteers, interns, research assistants, and fellows), students, independent contractors, attorneys, and other persons acting or purporting to act on behalf of UW who performed any work (whether paid or unpaid) regarding the EIP or the VP. "UW EIP/VP Personnel" includes but is not necessarily limited to Dr. Kate Starbird; Dr. Emma Spiro; Dr. Jevin West; and the "one affiliate faculty member, three postdoctoral researchers . . ., nine undergraduate and PhD students from the University of Washington, [one] data engineer, and [one] communications specialist" mentioned on page 4 of *The Long Fuse: Misinformation and the 2020 Election*.

9. "EI-ISAC" means the Elections Infrastructure Information Sharing & Analysis Center.

10. "MS-ISAC" means the Multi-State Information Sharing and Analysis Center.

11. "NASS" means the National Association of Secretaries of State.

12. "NASED" means the National Association of State Election Directors.

## **REQUESTS**

1. All tickets generated in connection with the EIP or VP where the content at issue was created or disseminated (in whole or in part) by a person who resided in Louisiana.

2. All tickets generated in connection with the EIP or VP where the content at issue in the ticket involved (in whole or in part) acts, omissions, or occurrences within the State of Louisiana.

3. All tickets generated in connection with the EIP or VP where the person reporting the content at issue resided in Louisiana.

4. All tickets generated in connection with the EIP or VP where the person reporting the content at issue was an employee, officer, or agent of any state, local, or municipal governmental entity within the State of Louisiana. This Request includes reports made through an intermediary (*e.g.*, EI-ISAC, MS-ISAC, NASS, or NASED) if you had reason to believe that the original source of the report was an employee, officer, or agent of any state, local, or municipal governmental entity within the State of Louisiana.

5. All tickets generated in connection with the EIP or VP that relate to or mention Jill Hines, Health Freedom Louisiana (including but not limited to references to "HFL" or healthfreedomla.org), Reopen Louisiana, or any other "health freedom" organizations.

6. All tickets generated in connection with the EIP or VP that relate to or mention Jim Hoft, The Gateway Pundit, or thegatewaypundit.com.

7. For each ticket responsive to any of Requests 1 through 6 above, produce all documents relating to the investigation, analysis, assessment, mitigation, and other action relating to the ticket. Responsive materials include, but are not limited to, all data in the Jira system relating to the ticket, including all applicable logs and chats; and all communications regarding the ticket, including communications with platforms regarding the ticket or the content at issue in the ticket.

8. All communications that relate to or mention Jill Hines, Health Freedom Louisiana, Reopen Louisiana, "HFL," @healthfreedomla, healthfreedomla.org, or any other "health freedom" organizations. In searching for materials responsive to this Request, you should search the electronic communications of the UW EIP/VP Personnel (as defined above).

9. All communications relating to or mentioning Jim Hoft or The Gateway Pundit. In searching for materials responsive to this Request, you should search the electronic communications of the UW EIP/VP Personnel. This Request seeks only correspondence sent on or after July 1, 2020.

10. All reports, briefings (including regular briefings to platforms or government actors), presentations, and other work product created in connection with the EIP or VP that discuss Louisiana, Jill Hines, Health Freedom Louisiana, Reopen Louisiana, Jim Hoft, or The Gateway Pundit.

11. All email correspondence where a sender or recipient (including a recipient via "cc" or "bcc") of the email had an email address domain ending in either "la.gov" or "louisiana.gov." In searching for materials responsive to this Request, you should search the electronic communications of the UW EIP/VP Personnel. This Request seeks only correspondence sent on or after July 1, 2020.

12. All communications received by the account "tips@2020partnership.atlassian.net" or the account "tips@viralityproject.atlassian.net" that relate to or discuss Louisiana, persons who resided in Louisiana, or businesses or governmental entities based in Louisiana.

13. All communications relating to the EIP or the VP where the sender or recipient (including "cc" or "bcc") was an employee, officer, or agent of the Aspen Institute. In searching for materials responsive to this Request, you should search the electronic communications of the UW EIP/VP Personnel. This Request seeks only correspondence sent on or after July 1, 2020.

14. All documents relating to any travel to the State of Louisiana by any UW EIP/VP Personnel relating to the EIP or the VP, including but not limited to travel itineraries and reimbursement requests.

      15.    All documents (including communications) containing the word "Louisiana" or the abbreviations "La" or "LA." In searching for materials responsive to this Request, you should search the electronic documents (including communications) of the UW EIP/VP Personnel. This Request seeks only correspondence sent on or after July 1, 2020.