UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JILL HINES ET AL** | **CASE NO. 3:23-CV-00571** |
| **VERSUS** | **CHIEF JUDGE DOUGHTY** |
| **ALEX STAMOS ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is *Plaintiffs' Proposed Written Jurisdictional Discovery and Proposed Schedule for Jurisdictional Discovery* (ECF No. 134). Each set of Defendants filed a response (ECF Nos. 142, 143, 146, 149, 151), and Plaintiffs filed a Reply (ECF No. 155). The Defendants' responses echo a common theme, asking the Court to set further guardrails on the proposed discovery and set a schedule. Plaintiffs and Defendants mostly agree on that course. *See* ECF No. 142 at 14–15; ECF No. 149 at 1–3; *but see* ECF No. 155 at 17–18. First, we will adopt what they do agree on; then, resolve what they don't agree on.

### I. BACKGROUND

"This case stems from Defendants' alleged participation in censoring Plaintiffs' speech on social media." ECF No. 131 at 2. The case is before the Court on limited remand to determine jurisdiction. *Hines v. Stamos*, 111 F.4th 551 (5th Cir. 2024) (in the record at ECF. No. 112). We greenlit jurisdictional discovery on both personal jurisdiction and Article III standing. ECF No. 131 at 12. Plaintiffs dutifully filed their proposed discovery and proposed schedule. *See* ECF No. 134. Having now contemplated and conferred, the parties seek an order on scope. ECF No. 142 at 14.

1

## II. LAW AND ANALYSIS

First, the parties agree on the schedule.  ECF No. 142 at 14–15; ECF No. 155 at 17–18.  So, the Court will reproduce it here and it is **SO ORDERED**:

- **Deadline to Serve Jurisdictional Discovery**: 7 days after the Court issues its opinion on the scope of discovery.

- **Deadline to File a Motion Seeking Entry of a Confidentiality Order Relating to Jurisdictional Discovery**: 14 days after the Court issues its opinion on the scope of discovery.

- **Deadline for Responses and Objections to Written Jurisdictional Discovery:** The later of (i) 30 days after written discovery is served; or (ii) 7 days after the Court rules on any motion for confidentiality order, if such a motion is timely filed.

- **Deadline for the Parties to File Discovery Motions:** 35 days after the Deadline for Responses and Objections to Written Jurisdictional Discovery.

- **Deadline for Plaintiffs to Seek Leave from Court to Serve Additional Written Discovery or Take Depositions**: 35 days after the Deadline for Responses to Written Jurisdictional Discovery.  Defendants object to multiple rounds of discovery but both sides believe that the Court need not resolve the issue unless and until Plaintiffs move for it.

- **Deadline for Defendants to File Motions to Dismiss on Personal Jurisdiction and Standing:** 90 days after the Deadline for Responses to Written Jurisdictional Discovery.

- **Deadline for Plaintiffs to File Oppositions to Defendants' Motions to Dismiss:** 30 days after Defendants' Motions to Dismiss are filed.

- **Deadline for Defendants to File their Replies:** 30 days after Plaintiffs' Oppositions are filed.

2

Next, the disagreements. Defendants object that some of Plaintiffs' proposed discovery is overly broad. Namely, that Plaintiffs' personal jurisdiction questions go beyond Plaintiffs' claims, or beyond Louisiana; and that Plaintiffs' subject-matter jurisdiction questions go beyond the standing inquiry outlined in *Murthy v. Missouri*, 144 S. Ct. 1972 (2024). *See* ECF No. 142 at 9–14; ECF No. 146 at 3–7; ECF No. 151 at 8–17. Remember, this is jurisdictional discovery, on limited remand. *See generally* ECF No. 131; ECF No. 135. So, it needs to be kept "'circumscribe[d].'" ECF No. 131 (quoting *Schuchardt v. President of the United States*, 839 F.3d 336, 354 (3d Cir. 2016)).

Defendants Graphika and Camille Francois got it right, discovery should be limited to documents and communications that: "(1) mention either of the Plaintiffs by name or mention their organizations, websites, or social media accounts, (2) mention EIP or VP and, for personal jurisdiction, also Louisiana, and (3) involve communications with any other Defendant or a Louisiana state or local official or a federal official (.gov email address) concerning EIP's or VP's alleged efforts to moderate the social media content of Plaintiffs and their accounts." ECF No. 146 at 7. For personal jurisdiction, Plaintiffs' discovery should be limited to Defendants' contacts with Louisiana insofar as they are related to Plaintiffs' claims regarding social media censorship. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 264 (2017). *Unrelated* contacts with Louisiana—meaning those not concerning the EIP or VP or social media disinformation—will not do. *See id.* And discovery regarding standing must comport with *Murthy*. That's it.

3

Insofar as there is a specific objection to any propounded discovery, it may be raised with the Court according to the stipulated schedule. However, the parties should not seek to relitigate their jurisdictional disagreements through objection. Again, so long as the discovery is related to Plaintiffs' claims and alleged injuries flowing from Defendants' alleged acts through EIP and VP, *see Murthy*, 144 S. Ct. at 1988, and so long as Defendants' alleged contacts with Louisiana *relate* to those claims, *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 362 (2021), the parties should endeavor to participate in discovery. But remember, "circumscribe[d]." *Ante*.

**SO ORDERED**.

**MONROE, LOUISIANA,** this 11th day of April, 2025.

_____
Terry A. Doughty
United States District Judge