**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| JILL HINES, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX STAMOS, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-571 <br><br> Chief Judge Terry A. Doughty <br><br> Magistrate Judge Kayla D. McClusky |

**PROTECTIVE ORDER OF CONFIDENTIALITY**

1.      **"Confidential Material."**  As used in this Protective Order of Confidentiality, **confidential material** shall refer to any **record** or information of any person or entity that is produced or disclosed in this case, has been maintained as confidential, and (1) is protected as a trade secret under 18 U.S.C. § 1839(3); (2) contains proprietary information which, if disclosed, could cause harm to the entity or person from whom the information was obtained; (3) is subject to third-party privacy or confidentiality restrictions that require asserting confidentiality protections; (4) contains or reveals personally sensitive information; or (5) qualifies for protection under state or federal law.  All **confidential material** is the exclusive, inalienable property of the producing person or entity.

2.      **"Records."**  As used in this Protective Order of Confidentiality, **records** shall mean information that is in document form, inscribed or otherwise recorded on a tangible medium, or that is stored in an electronic or other medium and is retrievable in perceivable form.  **Records** include both electronic records and printed, typewritten, and other tangible records.

3.      **Scope.**  This Protective Order of Confidentiality shall govern **confidential material** produced or disclosed by the producing person or entity in response to formal or informal

discovery conducted in this matter. The protections conferred by this Protective Order of Confidentiality cover not only **confidential material**, but also (1) any information copied or extracted from **protected material**; and (2) all copies, excerpts, summaries, or compilations of **confidential material**; and (3) any testimony, conversations, or presentations that reveal **confidential material**. Nothing in this Protective Order of Confidentiality shall be deemed to preclude any person or entity's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality, or (b) object on any ground to the admission of any **confidential material** into evidence at any hearing or trial. Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4. **Designation of Confidential Material.** The producing person or entity may designate all or any portion of **records** and/or things they produce formally or informally to other parties to this litigation as **confidential material**. The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "**confidential**" or "**confidential material.**"

**Confidential material** will be Bates stamped, if appropriate. All **records** and things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court.

5. **Inadvertent Production of or Failure to Designate Confidential Material.** The inadvertent, unintentional, or *in camera* production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. Any party that inadvertently or unintentionally produces

**confidential material** without designating it as such may request destruction of that **confidential material** by notifying the recipient(s), as soon as reasonably possible after the producing person or entity becomes aware of the inadvertent or unintentional disclosure, and providing replacement **confidential material** that is properly designated. If the producing person or entity should inadvertently produce any **confidential material** not responsive to a formal request for production and/or an order of the Court, and/or inadvertently fail to redact **confidential material** not discoverable in this matter, the recipient shall, upon notification by the producing person or entity, immediately return or destroy the **confidential material**, including all copies or reproductions thereof, to the producing person or entity, and shall make no use of the **confidential material** for any purpose unless ordered by the Court.

   6.  **Objection to Designation.** If any party objects to the designation of any **record** or thing as **confidential material**, that party shall promptly notify all other parties in writing, specifying the factual and legal basis for the objection. If the dispute is not resolved by agreement, the party challenging the designation must file a motion with the Court. Pending such determination by the Court, the **records** and/or things shall be maintained as **confidential material**.

   7.  **Access to Confidential Material**. Access to **confidential material** shall be limited to **authorized persons,** solely in the performance of their duties in connection with trial preparation of this case. **Authorized persons** for purposes of **confidential material** are:

   (a)  Plaintiffs, Defendants, and Intervenors (if any) to this civil action and their counsel, including partners or associates within their law firms who are actively working on this case;

3

(b)     Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record for Plaintiffs, Defendants, and/or Intervenors (if any) to whom it is reasonably necessary to disclose the information for this case;

(c)     the Court and its personnel in connection with this case;

(d)     witnesses in a deposition who have consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality;

(f)     stenographic reporters, videographers and their respective staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality; and

(g)     any other persons as to whom all Plaintiffs, Defendants, and Intervenors (if any) agree in writing, provided that such persons have first been given a copy of this Protective Order of Confidentiality and have executed the Promise of Confidentiality.  The Parties agree to consider such requests in good faith.  No disclosure to such other persons shall take place until all parties agree in writing.

The parties do not anticipate obtaining experts, jury consultants, trial consultants, or mock jurors unless this case proceeds past the motion to dismiss stage.  If the case proceeds past the motion to dismiss stage, the parties agree to work in good faith to revise the protective order to incorporate provisions relating to supplying confidential material to experts, jury consultants, trial consultants, or mock jurors, including provisions relating to the disclosure of the identity of such experts, jury consultants, trial consultants, or mock jurors who have signed the Promise of Confidentiality discussed below.

Counsel of record for the party who grants access to **confidential material** to an **authorized person** identified in subparagraphs (b) or (d) through (g) of this paragraph shall be

4

solely responsible for ensuring full compliance by said **authorized person** with this Protective Order. In the case of (d) above, a witness cannot refuse to testify about documents or communications that the witness previously authored or received based on a refusal to comply with the Protective Order.

Access to **confidential material** shall not be given or made available to any person or entity not specifically described above, including members of the media or the general public. However, nothing in this Protective Order of Confidentiality shall prohibit the producing person or entity, their employees, and their attorneys from confidential use of their own **confidential material** as they deem appropriate, and any such confidential use shall not waive or destroy the confidentiality of the **confidential material** in question. Nothing in this Protective Order of Confidentiality shall affect a party's use of records or things obtained from public sources or other lawful means.

8. **Promises of Confidentiality.** Each **authorized person** identified in subparagraphs 7(d) through (g) above who receives access to any **confidential material** shall first be given a copy of this Protective Order of Confidentiality and advised by the counsel of record making the disclosure that such **authorized person** must not divulge any **confidential material** to anyone other than **authorized persons** in the preparation or trial of this lawsuit. The Promise of Confidentiality attached hereto as Exhibit A must be signed by each such **authorized person** receiving any **confidential material** in advance of receipt and shall be maintained by counsel who provided **confidential material** to the **authorized person**. A signed copy of each such Promise of Confidentiality shall be provided to counsel of record for the producing person or entity within ten (10) days of execution.

       9.    **Storage of Confidential Material. Authorized persons** shall maintain all **confidential material** in a secure location.

       10.    **Use of Confidential Material. Authorized persons** shall use the **confidential material** for the purpose of this lawsuit only.

    (a) Without limiting the generality of the foregoing sentence, **authorized persons** shall not produce or disclose, or otherwise utilize **confidential material** in any other litigation, whether or not that litigation involves any parties to this case.

    (b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any **authorized person** seeking **confidential material** produced or disclosed in this case, that **authorized person** will immediately notify the producing person or entity's counsel of record, and provide the producing person or entity's counsel of record with a copy of the subpoena or other discovery request. The authorized person will not produce **confidential material** in response to the subpoenas, requests for production, or other forms of discovery before the production deadline, to provide the producing person or entity with the opportunity to seek appropriate relief. If a request for such relief is filed, the authorized person will not produce confidential material while a request for such relief is pending. **Authorized persons** shall not impede efforts to maintain the protected status of **confidential material** in the contexts of subpoenas, requests for production or other forms of discovery, and will not oppose the entry of an order from the appropriate court protecting the confidential material from being disseminated outside the scope of this Protective Order of Confidentiality.

       11.    **Court Records.** In the event that any **confidential material** is in any way disclosed in any pleading, motion, transcript, videotape, exhibit, photograph, or other material filed with any court, the **confidential material** shall be filed in an attached sealed separate envelope

containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such **confidential material** shall, however, remain available to personnel authorized by that court and to **authorized persons**. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any **record** containing **confidential material** is furnished to any court, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

If a receiving party identifies a particular **record** containing **confidential material** that it wishes to use in any filing in this case or attach as an exhibit to any filing in this case and believes that only a portion of that particular record qualifies as confidential, the receiving party may request that the producing party designate specific portions of that document as confidential, and the producing party agrees to work in good faith to identify such portions. The receiving party may then attach a version of the record that redacts confidential information to any filing without following the procedures set forth above, and may rely on any portions of the record not designated as confidential without following the procedures set forth above.

12. **Depositions.** If any **confidential material** is used or referred to during any deposition, counsel for the producing person or entity may require that only its representatives, **authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Within forty-five (45) days of receipt of the completed deposition transcript, counsel for the producing person or entity shall designate by page and line the portions for which such claim is made and give written notice of this designation to all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by

counsel for the parties. Pending such designation, the deposition transcript shall be treated in its entirety as **confidential material**. All exhibits to the deposition transcript previously designated by the producing person or entity as **confidential material** shall remain **confidential material** without need for any additional designation. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for the producing person or entity within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment).

In the event a deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order of Confidentiality, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order of Confidentiality in this case or pursuant to written stipulation of the parties."

13. **Evidence at Trial.** The Parties understand and agree that prior to the use of **Confidential Material** at trial, terms and procedures that are adequate to protect the confidentiality of the material will be necessary. The Parties agree to meet and confer prior to trial to attempt to agree to such terms and procedures, and if they cannot agree to jointly petition the Court for a pretrial conference to establish these terms and procedures.

14. **Return of Confidential Material.** Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), counsel of record for each party shall either destroy or return to counsel of record for the producing person or

entity all **confidential material** produced, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, and physical or electronic reproductions of every kind of such **confidential material** other than attorney work product, whether in the possession of counsel or in the possession of any **authorized person** who gained access to the **confidential material**. Accompanying the return or destruction of confidential material as described here, counsel for all parties shall provide to counsel for the producing person or entity written confirmation of the return or destruction of protected material by each person who received access to such material.

15. **Unauthorized Disclosure of Confidential Material**. If a recipient of **confidential material** learns that, by inadvertence or otherwise, it has disclosed **confidential material** to any person or in any circumstance not authorized under this Protective Order of Confidentiality, the receiving person or entity must immediately (a) notify in writing the producing person or entity of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the **confidential material**, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order of Confidentiality, and (d) request such person or persons to execute the Promise of Confidentiality.

16. **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**. When a producing person or entity gives notice that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving person or entity are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents, electronically stored information or other information, for any reason, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding, except where, and only to the extent that, the producing party clearly and unambiguously expresses its intention to waive that privilege or protection. This Protective Order of Confidentiality shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). In light of this Protective Order of Confidentiality, the provisions of Rule 502(b) do not apply.

ORDERED by the Court this __16th__ day of _____May_____, 2025.

_____Kayla D. McClusky_____
United States District Magistrate Judge

THIS PROTECTIVE ORDER OF CONFIDENTIALITY AGREED TO BY:

By: _____

COUNSEL FOR PLAINTIFFS

By: _____

COUNSEL FOR _____, WITH EXPRESS CONSENT OF ALL DEFENDANTS,

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| JILL HINES, ET AL., <br><br>     *Plaintiffs*, <br><br> v. <br><br> ALEX STAMOS, ET AL., <br><br>     *Defendants*. | Case No. 3:23-cv-571 <br><br> Chief Judge Terry A. Doughty <br><br> Magistrate Judge Kayla D. McClusky |

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

State of _____  §
                               §
Parish of _____ §

    1.    My name is _____.

    2.    I am aware that a Protective Order of Confidentiality has been entered in the above-referenced lawsuit and a copy of that Protective Order of Confidentiality has been given to me.

    3.    I promise that I will use the **confidential material** in compliance with that Protective Order of Confidentiality. For the avoidance of doubt this means that I will *only* use **confidential material** in performance of my duties in connection with trial preparation in this case; and that I will *only* discuss **confidential material** with <u>individuals I know are authorized under that Protective Order of Confidentiality, and only in performance of my duties in connection with trial preparation in this case.</u>

    4.    I understand that any use of the **confidential material** I obtain in any manner contrary to the provisions of the Protective Order of Confidentiality or this Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

    5.    Within twenty (20) days of notification of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), I will return to the producing person or entity, through delivery to counsel from whom I received the **confidential material** in this case, all **confidential material**, including all copies and physical or electronic reproductions of every kind thereof other than attorney work product.

_____        _____
Signature                                                                                              Date