UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JILL HINES, ET AL.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>ALEX STAMOS, ET AL.,<br><br>    *Defendants*. | Case No. 3:23-cv-571<br><br>Chief Judge Terry A. Doughty<br><br>Magistrate Judge Kayla D. McClusky |

## MOTION TO SEAL

Defendants Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, Leland Stanford Junior University, Kate Starbird, Graphika, Camille François, Atlantic Council, and Graham Brookie (collectively, "Defendants") respectfully move for leave to file under seal Exhibits C and D to the Declaration of Elisabeth S. Theodore (ECF Nos. 191-5 and 191-6) attached hereto.  One of these exhibits has been filed as a placeholder exhibit to the publicly filed declaration (Exhibit D), and the other has been filed in redacted form containing non-confidential material (Exhibit C).  Full versions have been separately provided to the Plaintiffs.

## BACKGROUND

Following a limited remand from the Fifth Circuit, this Court ordered limited jurisdictional discovery into Plaintiffs' assertions that there was Article III standing and personal jurisdiction in this matter.  The documents Defendants have produced contain sensitive, internal academic work product of Stanford undergraduate students and other participants in the Election Integrity Partnership (EIP) and Virality Project (VP), which is protected from public disclosure under the Family Educational Rights and Privacy Act (FERPA).  Most of the information is included in

1

spreadsheets that contain "tickets" that were created by EIP and VP to track specific incidents of mis- and dis-information on social media. The tickets contain some information that was made public by the House Judiciary Committee in 2023, including information that was shared externally with social media platforms. *See* H. Comm. On the Judiciary, *Jira Tickets*, https://docs.google.com/spreadsheets/d/e/2PACX-1vSbP06KE51ds51-Ha6MXkuyoWuCLW168Wz9CMBbhe1BV1IVLxG660eDBUpaVw_Hs5KdhvTvOLS7BUit/pubhtml?widget=true&amp;headers=false (last visited Nov. 9, 2025).

However, much of the information in these ticket spreadsheets involves internal commentary, such as discussions between student participants in the EIP or VP, that was not shared outside the EIP or VP and that has not been made public.

Defendants are attaching a small number of the documents produced in discovery (or excerpts from those documents) to their renewed motion to dismiss for lack of personal jurisdiction and standing. The work of the EIP and the VP has generated significant publicity, and some of the online coverage has described EIP's and VP's work in inflammatory and inaccurate ways. In the past, after documents such as the Judiciary Committee report have been made public about the work of the EIP and VP, or after the case received coverage online in blog posts and media reports, individual Defendants in this case have been subjected to significant harassment. That harassment has included physical and death threats and other concerning communications that Defendants have forwarded to local law enforcement, as well as tweets identifying the names of Defendants' family members. Defendants are accordingly moving to maintain under seal certain internal EIP communications and internal portions of EIP tickets that have not been made public and that were marked "Confidential" under the Protective Order (ECF 169) when produced. (Defendants are not attaching any VP documents to their renewed motion to dismiss.)

## ARGUMENT

Defendants now move to file under seal two exhibits to a declaration in support of their renewed motion to dismiss for lack of personal jurisdiction and standing. The first exhibit (Exhibit D to the Theodore Declaration) is an internal "analysis template" relating to one portion of an EIP ticket that was not shared externally and that has not previously been made public.[1] The second exhibit (Exhibit C to the Theodore Declaration) is a compilation of portions of certain tickets that were produced in discovery in this matter. Although most of the ticket excerpts included in the compilation in Exhibit C involve aspects of the tickets that were communicated outside of the EIP and have been made public by the Judiciary Committee, several excerpts include confidential, internal commentary involving students. Defendants are filing a public redacted version of the compilation that excludes the confidential material.

Good cause supports the sealing of this small amount of content, none of which will impact the public's ability to understand the issues and arguments in this case. The public's common law right to inspect and copy judicial records is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. In exercising its discretion to seal judicial records, a court must balance the public's common law right of access against the interests favoring nondisclosure. *Van Waeyenberghe*, 990 F.2d at 848 (internal citations omitted). A court may order documents sealed where, "on balance, the party's interest in having them sealed outweighs the public's interest in open access." *DISH Network, LLC v. WLAJ-TV,*

---

[1] The version of this document that is being submitted under seal is the version that was produced in discovery; it redacts confidential information that does not concern either Plaintiff and is not relevant to this case.

*LLC*, No. 16-cv-0869, 2017 WL 1333057, at *2 (W.D. La. Apr. 3, 2017). Among the improper purposes for which courts have denied access to records is when records are "used to gratify private spite or promote public scandal." *Nixon*, 435 U.S. at 598. "The Court has a 'solemn duty to promote judicial transparency' by undertaking 'a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure.'" *GCPC LLC v. Occidental Chem. Corp.*, No. 2:24-CV-00867, 2025 WL 2807014, at *2 (W.D. La. Sept. 29, 2025) (quoting *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419-20 (5th Cir. 2021)).

The balance of the interests here tips decisively in favor of keeping these documents under seal. First, the interests favoring nondisclosure are extremely strong. Sealing is often appropriate where documents contain confidential records or proprietary information. *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015). The "analysis templates" and the internal commentary portions of the ticket spreadsheet are the private, internal academic work product of Stanford undergraduate students and other participants in the EIP. These communications were not sent to any social media company. Unsealing these documents would implicate strong concerns regarding privacy of academic records, as well as risk chilling the protected research activities of current Stanford students and faculty, who may hesitate to express themselves candidly in internal communications if they believe that there is a risk that those communications could become public.

As courts have recognized, FERPA reflects a strong federal law interest in keeping student records private. The purpose of FERPA is to "assure parents of students ... access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent." *Ragusa v. Malverne Union Free Sch. Dist.*, 549

F. Supp. 2d 288, 291 (E.D.N.Y. 2008). "[S]tudent and educator records" constitute "highly sensitive information." *Boudreaux v. Sch. Bd. of St. Mary Par.*, No. 6:65-cv-11351, 2022 WL 1406734, at *1 (W.D. La. May 3, 2002). Although Stanford has redacted student names in the documents that it produced to the Plaintiffs, internal comments and analysis by students remains sensitive. Some of these students were teenagers at the time they participated in the EIP.

In any event, the documents identify other individuals (non-students) whose names were not redacted in the versions that were produced to Plaintiffs, and there are substantial privacy and safety concerns that militate in favor of restricting disclosure of internal EIP communications. As noted above, after prior public releases of documents related to these matters and prior media coverage of these matters, named Defendants associated with the EIP and VP have faced harassment, including death threats. Some of these communications were so concerning that individual Defendants sent them to local law enforcement. Social media users have publicly posted the names of the family members of individual Defendants on Twitter/X in connection with this case. *See Doe v. DHS*, No. 22-cv-5172, 2023 WL 372085, at *1 (E.D. La. Jan. 24, 2023) (finding that potential danger posed to plaintiff and her family by public disclosure of information related to her asylum application justified granting of motion to seal). There is accordingly good cause to limit any further public disclosure of the internal communications of the EIP in connection with this case.

Conversely, the public interest in access to these documents is minimal. This case remains at an early stage where the Court is deciding whether it even has subject matter and personal jurisdiction over the Defendants, after which the case may be dismissed or the Fifth Circuit may be called upon to decide whether the case must be heard in private arbitration. Defendants are not proposing to redact any comments that were shared with social media platforms or the government.

These documents (or the portions of the documents that are being redacted) were private, internal academic records that were not shared outside of the EIP. Nor will keeping these two documents (or portions of these two documents) under seal impede the public's ability to understand what is happening in the case or to understand the arguments or issues presented.

For the foregoing reasons, Defendants respectfully request the Court grant their motion to seal.

November 10, 2025

*/s/ Camala E. Capodice*
Quentin F. Urquhart, Jr. (Bar #14475)
Camala E. Capodice (Bar #29117)
Gabrielle C. Broders (Bar #39821)
**IRWIN FRITCHIE URQUHART MOORE**
 **& DANIELS, LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email:  qurquhart@irwinllc.com
        ccapodice@irwinllc.com
        gbroders@irwinllc.com

Mary E. Gately (*pro hac vice*)
Samantha L. Chaifetz (*pro hac vice*)
**DLA PIPER LLP (US)**
500 Eighth Street NW
Washington, DC 20004
Telephone: (202) 799-4507
Facsimile: (202) 799-5507
Email:  mary.gately@us.dlapiper.com
        samantha.chaifetz@us.dlapiper.com

Respectfully submitted,

*/s/ James Brown*
James Brown (Bar #14101)
Devin Reid (Bar #32645)
Brady Hadden (Bar #37708)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email:  dcreid@liskow.com
        bhadden@liskow.com
        jabrown@liskow.com

John B. Bellinger III (*pro hac vice*)
Elisabeth S. Theodore (*pro hac vice*)
R. Stanton Jones (*pro hac vice*)
**ARNOLD & PORTER**
 **KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Email:  john.bellinger@arnoldporter.com
        elisabeth.theodore@arnoldporter.com
        stanton.jones@arnoldporter.com

*Counsel for Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, and Leland Stanford Junior University*

6

Marie Bussey-Garza (*pro hac vice*)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301
Email: marie.bussey-garza@us.dlapiper.com

*Counsel for Graphika and Camille François*


/s/ *Jon K. Guice*
Jon K. Guice (Bar #20841)
**HAMMONDS, SILLS, ADKINS, GUICE,
 NOAH & PERKINS, L.L.P.**
1881 Hudson Circle
Monroe, Louisiana 71201
Telephone: (318) 324-0101
Facsimile: (318) 322-5375
Email: jguice@hamsil.com

Shelton Dennis Blunt (Bar #21230)
**PHELPS DUNBAR LLP**
II City Plaza | 400 Convention St., Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
Email: dennis.blunt@phelps.com

Karl V. Hopkins (admitted *pro hac vice*)
**STEPTOE LLP**
1330 Connecticut Ave.NW
Washington, DC 20036
Telephone: (202) 429-3000
Email: khopkins@steptoe.com

Andrew B. Johnson (*pro hac vice*)
**BRADLEY ARANT BOULT
 CUMMINGS LLP**
1819 Fifth Ave N
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-6295
Email: ajohnson@bradley.com

*Counsel for Atlantic Council and Graham Brookie*

/s/ *Alex B. Rothenberg*
Alex B. Rothenberg (Bar #34740), T.A.
Ewell E. Eagan (Bar #5239)
Gerald Waltman III (Bar #37347)
Elizabeth A. McGovern (Bar #41342)
**GORDON, ARATA, MONTGOMERY,
 BARNETT, McCOLLAM,
 DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Email:  arothenberg@gamb.com
  eeagan@gamb.com
  jwaltman@gamb.com
  emcgovern@gamb.com

Rob McKenna (*pro hac vice*)
Daniel Dunne (*pro hac vice*)
**ORRICK, HERRINGTON &
 SUTCLIFFE LLP**
401 Union Street- Suite 3300
Seattle, WA 98101
Telephone: (206) 839-4300
Facsimile: (206) 839-4301
Email:  ddunne@orrick.com
  emckenna@orrick.com

Geoffrey Shaw (*pro hac vice)*
**ORRICK, HERRINGTON &
 SUTCLIFFE LLP**
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
Email: geoffreyshaw@orrick.com

*Counsel for Kate Starbird*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2025, I filed the foregoing via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

      */s/ James Brown*