UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JILL HINES ET AL** | **CASE NO. 3:23-CV-00571** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALEX STAMOS ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is a Motion to Seal [Doc. No. 192] filed by Defendants, Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, Kate Starbird, Graphika, Camille François, Atlantic Council, and Graham Brookie (collectively, "Defendants"). Plaintiffs, Jill Hines and Jim Hoft (collectively, "Plaintiffs"), filed a response [Doc. No. 194].

For the following reasons, the Motion is **DENIED**.

### I.  Background

Following a limited remand from the Fifth Circuit, this Court ordered limited jurisdictional discovery into Plaintiffs' assertions that there was Article III standing and personal jurisdiction in the matter [Doc. No. 131]. The Motion before the Court moves for leave to file under seal Exhibits C and D to the Declaration of Elisabeth S. Theodore [Doc. Nos. 191-5 and 191-6] (collectively, the "Exhibits"). Defendants seek to seal the Exhibits because they contain "sensitive, internal academic work product of Stanford undergraduate students and other participants in the Election Integrity Partnership ("EIP") and Virality Project ("VP"), which is protected from public

disclosure under the Family Educational Rights and Privacy Act ("FERPA")."[1] Defendants maintain the information they seek to seal is not public and was marked "Confidential" under the Protective Order [Doc. No. 169] when produced.[2] Plaintiffs argue the Exhibits are not protected under FERPA and Defendants fail to overcome the presumption in favor of the public's access to judicial records.[3]

## II. Law and Analysis

### A. Standard of Review

This Court is generally strict on granting motions for leave to file sealed documents into the record. The United States Court of Appeals for the Fifth Circuit detailed in *Binh Hoa Le v. Exeter Finance Corporation*, 990 F.3d 410 (5th Cir. 2021), some concerns it has over the filing of too many documents under seal in the public record. Specifically, that:

> True, even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access." That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

---

[1] [Doc. No. 192, p. 2].
[2] [Id.].
[3] [Doc. No. 194, p. 8].

*Id.* at 419 (footnotes omitted). This Court shares those same concerns and generally allows litigants to seal documents if they supplied the Court with sufficient reasons for sealing said documents. However, if the district court finds the document at issue "contains sensitive information favoring sealing, the district court should then consider whether redaction of the relevant information is an adequate substitute for sealing the entire [document]." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, No. 13-20250, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015) (discussing whether a transcript's relevant information could be redacted as an adequate substitute for sealing the entire transcript).

FERPA was created to regulate the release of student records by educational agencies and institutions and requires the consent of the student or the student's parent where personally identifiable information is sought to be disclosed. *Tarka v. Franklin*, 891 F.2d 102, 104 (5th Cir. 1989). An educational agency or institution that unlawfully releases a student's education records, or "personally identifiable information" contained therein, may lose federal funding. 20 U.S.C. § 1232g(b)(2). "Personally identifiable information" includes:

> (a) The student's name;
> (b) The name of the student's parent or other family members;
> (c) The address of the student or student's family;
> (d) A personal identifier, such as the student's social security number, student number, or biometric record;
> (e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
> (f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant

        circumstances, to identify the student with reasonable certainty; or

    (g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3.

### B.    Sealing the Exhibits is Not Proper under FERPA

Defendants seek to move to file under seal two exhibits: (1) Exhibit C[4] and (2) Exhibit D[5]. Exhibit C is a compilation of portions of EIP tickets produced through discovery, featuring commentary providing updates on the status of issues reported to the EIP.[6] Defendants argue the EIP tickets contain "confidential, internal commentary involving students."[7] Exhibit D contains "an internal 'analysis template' relating to one portion of an EIP ticket that was not shared externally and that has not previously been made public."[8] The commentary in Exhibit C and the analysis template in Exhibit D do not contain students' names, personal identifiers of students, or any "other information that, alone or in combination, is linkable to a specific student." 34 C.F.R. § 99. Defendants stated themselves that they have "redacted student names in the documents that it produced to the Plaintiffs."[9] The Court is persuaded by the authority from *Ragusa v. Malverne Union Free Sch. Dist.*, which was cited by both parties in the case.[10] The *Ragusa* court held that redacting

---

[4] [Doc. No. 192-2].
[5] [Doc. No. 192-3].
[6] [Doc. No. 192-2].
[7] [Doc. No. 192, p. 3].
[8] [Id.].
[9] [Id. at pp. 4–5].
[10] [Id. (quoting 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008))]; [Doc. No. 194, p. 11 (quoting 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008))].

all personally identifiable information from the education records would be proper under FERPA because "there is nothing in FERPA that would prohibit Defendants from releasing education records that had all 'personally identifiable information' redacted." 549 F. Supp. 2d at 293. After reviewing both Exhibits, the Court does not find the EIP tickets contain any "personally identifiable information" as defined by FERPA, 20 U.S.C. § 1232(g), and therefore, should not be sealed.

Defendants' argument for both Exhibits to be sealed is that they are "private, internal academic work product of Stanford undergraduate students and other participants in the EIP."[11] Defendants, citing caselaw, believe the Exhibits constitute academic records and should be sealed because even with the current redactions of the students' names in place, as the records contain "highly sensitive information."[12] However, Defendants overlook the remainder of *Boudreaux*, wherein the court expressly held that a "[p]rotective [o]rder is not a 'blanket' order allowing the parties to designate as confidential large swaths of otherwise fully discoverable information." 2022 WL 1406734, at *3. The *Boudreaux* court clarified "[o]nly the names and other personally identifying information about whistleblowers may be designated as attorneys'-eyes-only. Any other information…is not protected at all." *Id.* FERPA defines an "education record" as "contain[ing] information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A)(i). The Court finds the commentary within both Exhibits does not constitute education records under FERPA because the students'

---

[11] [Doc. No. 192, p. 4].
[12] [*Id.* at p. 5 (quoting *Boudreaux v. Sch. Bd. of St. Mary Par.*, No. 6:25-cv-11351, 2022 WL 1406734, at *1 (W.D. La. May 3, 2002))].

personally identifying information has been redacted, and accordingly, is not subject to seal.

Additionally, Defendants argue that certain internal EIP communications and tickets should be sealed to protect "other individuals (non-students) whose names were not redacted."[13] Defendants justify their argument by asserting Defendants faced "significant harassment," including "physical and death threats" after the case received coverage online, with commentators going as far as "identifying the names of Defendants' family members" in posts on the social media platform X, formerly known as Twitter.[14] While courts recognize the public's common law right of access to judicial records, the right is not absolute, especially when the case involves sensitive information that could endanger lives if disclosed. *Binh Hoa Le*, 990 F.3d at 417. The Court finds redacting the names of the non-students adequately protects the interests of all parties and non-parties in the matter. *See Test Masters Educ. Servs., Inc.*, 2015 WL 13768849, at *2. Considering the Court's obligation to balance the public's common law right of access against the interests favoring non-disclosure, the Court finds redacting the reporter's name in Exhibit C[15] and the names of the EIP website coordinators listed in Exhibit D[16] adequately satisfy this balance.

### III. Conclusion

For the reasons stated above,

---

[13] [Doc. No. 192, p. 5].
[14] [Id. at p. 2].
[15] [Doc. No. 192-2, p. 2].
[16] [Doc. No. 192-3, p. 23].

**IT IS ORDERED** that Defendants' Motion to Seal [Doc. No. 192] is **DENIED**. Defendants must adjust the redactions in Exhibit C [Doc. No. 192-2] and Exhibit D [Doc. No. 192-3] within 14 days, absent any appeal of this Order.

MONROE, LOUISIANA, this 1st day of December 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE