UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JILL HINES ET AL**                            **CASE NO. 3:23-CV-00571**

**VERSUS**                                       **JUDGE TERRY A. DOUGHTY**

**ALEX STAMOS ET AL**                            **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Seal Attached Documents [Doc. No. 199] filed by Plaintiffs, Jill Hines and Jim Hoft (collectively, "Plaintiffs"). Plaintiffs filed a notice to alert the Court of the filing of Exhibits D, G, R, and U, as well as the Memorandum in Opposition with redactions agreed upon by Plaintiffs and Defendants [Doc. No. 203]. Defendants filed a response [Doc. No. 204]. For the following reasons, the Motion to Seal is **DENIED**.

This Court is generally strict on granting motions for leave to file sealed documents into the record. The United States Court of Appeals for the Fifth Circuit detailed in *Binh Hoa Le v. Exeter Finance Corporation*, 990 F.3d 410 (5th Cir. 2021), some concerns it has over the filing of too many documents under seal in the public record. Specifically, that:

> True, even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access." That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's

Page 1 of 4

> review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

*Id.* at 419 (footnotes omitted). This Court shares those same concerns and generally allows litigants to seal documents if they supplied the Court with sufficient reasons for sealing said documents. However, if the district court finds the document at issue "contains sensitive information favoring sealing, the district court should then consider whether redaction of the relevant information is an adequate substitute for sealing the entire [document]." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, No. 13-20250, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015) (discussing whether a transcript's relevant information could be redacted as an adequate substitute for sealing the entire transcript).

In regard to the proposed sealing of documents produced by Defendant Stanford University, Exhibits D, G, H, R, S, T, U (together, the "Stanford Documents"), the Court finds Plaintiffs failed to articulate why the documents are entitled to be sealed. In Plaintiffs' previous motion to seal before the Court [Doc. No. 192], Plaintiffs highlighted the importance of protecting the names of the individuals involved with the Election Integrity Partnership ("EIP") and Virality Project ("VP") due to safety concerns of individuals facing significant harassment, including death threats.[1] In the pending Motion before the Court [Doc. No. 199], Plaintiffs have not specified the harm the individuals will face if the Stanford Documents are not filed under seal, specifically failing to articulate how the redaction of a named Defendant

---

[1] [Doc. No. 192, p. 5].

in Exhibit T[2] adheres to the Fifth Circuit's strict standard of sealing only to protect the "identities of confidential informants." *Binh Hoa Le*, 990 F.3d at 419 (footnotes omitted).

Turning to the proposed sealing of documents produced by Defendant Atlantic Council, Exhibits I, J, K, L, M, N, O (together, the "Atlantic Documents"), the Plaintiffs once again fail to overcome the presumption in favor of the public's access to judicial records. Plaintiffs seek to file the Atlantic Documents under seal to protect the names of the watchers, reporters, Jira workers, and Atlantic Council workers, but fail to provide the Court with sufficient reasons for sealing said documents. Like the Stanford Documents, the Plaintiffs fail to specify the harm the named individuals will face if the Atlantic Documents are not sealed.

Regarding Plaintiffs' request that Plaintiffs' memorandum in opposition to the motion to dismiss ("Opposition Brief") be filed provisionally under seal, the Court finds that Plaintiffs have failed to articulate why the document is entitled to be sealed. The statement public disclosure of the information would violate a protective order is hardly convincing for why the public does not have a right of access to this information. *See id.* at 417–18 (It is not always the case that "whatever satisfies the lenient protective-order will necessarily satisfy the stringent sealing order standard.").

Moreover, the proposed sealing is not narrowly tailored as Plaintiffs request fifteen exhibits be sealed in their entirety, instead of seeking a less restrictive means

---

[2] [Doc. No. 199-16].

of partially sealing the exhibits. The Court sees no justification for sealing the exhibits in their entirety and **DENIES** the Motion to Seal. The Court's previous order [Doc. No. 197] allowed limited redactions of a reporter's name and the names of the EIP website coordinators to protect the individuals from the "significant harassment" Defendants faced from the case's publicity.[3] In adhering to the Court's previous ruling, the Plaintiff is allowed to file the Stanford Documents, Atlantic Documents, and Opposition Brief with the limited redactions of the names of non-party individuals who worked in for Atlantic Council or JIRA and who were watchers or reporters for the EIP or VP. However, the redactions of the named Defendant in Exhibit T, the Opposition Brief, and any where else a party's name has been redacted, should be removed.

For these reasons,

**IT IS ORDERED** that the Motion to Seal [Doc. No. 199] is **DENIED**. Plaintiffs must adjust the redactions in Exhibit T and the Opposition Brief within 14 days, absent any appeal of this Order.

MONROE, LOUISIANA, this 22nd day of December 2025.

                                                  TERRY A. DOUGHTY
                                            UNITED STATES DISTRICT JUDGE

---

[3] [Id. at p. 6].